## PEYTON v. RAILWAY EXPRESS AGENCY, Inc., et al.

No. 9893.

Circuit Court of Appeals, Fifth Circuit.

Dec. 23, 1941.

Rehearing Denied Jan. 8, 1942.

Writ of Certiorari Granted Mar. 9, 1942.

See 62 S.Ct. 804, 86 L.Ed. ——.

Robert L. Peyton (in propria persona), of Waco, Tex., for appellant.

Walter M. Nold, of Houston, Tex., and W. W. Naman, of Waco, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

PER CURIAM.

Appellant brought this suit to recover damages totalling $750,000. It was dismissed by the District Court for want of jurisdiction. The undisputed facts are that Peyton was a writer and had prepared certain manuscript, which he tried to send by express to different people, in the hope of having a favorable review of it and thereby find a publisher. The package was never delivered to the persons to whom it was addressed and it may be assumed the express company is liable in damages but there may be some doubt about that owing to the imperfect addresses given to the express company.

Appellant appeared in person and argued his case in a very interesting manner. The suit is a common law action and not a suit arising under a law to regulate commerce, jurisdiction as to which is governed by 28 U.S.C.A. § 41(8). Galveston, H. & S. A. Ry. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516. Unfortunately, the receipt for the shipment contains a provision limiting the damages to $50 in case of loss. A Federal District Court is without jurisdiction unless the suit involves an amount in controversy exceeding $3,000. In suits for damages the ad

damnum usually fixes the amount necessary to give jurisdiction. But that is where the damages are left to the discretion of the jury. Where the damages are fixed by contract of carriage at less than the jurisdictional amount, it is elementary that the court can not entertain jurisdiction simply because of allegations of large damages incidental to the breach of contract. Southeastern Express Co. v. Pastime Amusement Co., 299 U.S. 28, 57 S.Ct. 73, 81 L.Ed. 20.

The judgment of the District Court was right. It is affirmed.