**FIREMAN'S FUND INSURANCE COMPANY, Assignee of Steve Radeff and Carl Robinson, Appellant,**

v.

**RAILWAY EXPRESS AGENCY, Inc., a Delaware Corporation, Appellee.**

No. 13304.

United States Court of Appeals
Sixth Circuit.
April 1, 1958.

Arthur M. Sheridan, Detroit, Mich., Earl D. Ross, Detroit, Mich., on brief, for appellant.

Richard C. VanDusen, Detroit, Mich., Dickinson, Wright, Davis, McKean & Cudlip, Detroit, Mich., on brief, for appellee.

Before MILLER and STEWART, Circuit Judges, and MATHES, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant filed this action in the District Court seeking recovery from the appellee of the sum of $3,588.44, claiming jurisdiction by reason of diversity of citizenship and amount in controversy in excess of $3,000, excluding interest and costs. Diversity of citizenship is not disputed. The District Judge sustained appellee's motion to dismiss the action for lack of jurisdiction in that the requisite amount in controversy was not actually involved, notwithstanding the amount for which recovery was sought, from which ruling this appeal was taken.

The complaint consists of two counts. Count 1 alleges that appellant's assignors on September 29, 1954, entered into a written agreement with the appellee, Railway Express Agency, under the terms of which the appellee agreed to ship a package of furs from Detroit, Michigan, to a consignee in Owosso, Michigan, but that contrary to the terms of the agreement the appellee did not ship the goods to Owosso but shipped them instead to Muskegon, Michigan; that as a result of said misshipment said goods were never delivered to the consignee; that despite repeated demands the appellee has failed to produce said goods; that the contents of said package were insured by the appellant who, by reason of the foregoing, paid its assignors the sum of $3,588.44 and thereby became subrogated to the rights of said assignors against the appellee to the extent of said payment. The written agreement referred to was the Railway Express Agency receipt for the shipment, which was attached to and made a part of the complaint. Count 2, claiming the same amount in damages, was a tort action based on the alleged negligence of the appellee in failing to deliver the shipment to the consignee and in failing to exercise due care in preventing the theft of the shipment. Each count contained the statement that the amount in controversy exceeded the sum of $3,000

being $3,588.44, for which judgment was prayed, with interest and costs.

The appellee moved to dismiss the action on the ground that the Court lacked jurisdiction because the amount actually in controversy was less than $3,000, exclusive of interest and costs. The motion stated that the Uniform Express Receipt, attached to the complaint, showed that appellant's assignors declared to the appellee at the time of shipment that the value of said furs was $300, which declaration of value was binding upon the shipper and the appellant. This defense was also later made by answer to the complaint. An affidavit filed in support of the motion stated that under the tariffs applicable to the shipment of "value charge" to be paid to the appellee would have been 18 cents if the declared value was $300 and would have been $6.48 if the declared value was $3,588.44.

Appellant filed an answer to the motion to dismiss which alleged that the "declared value" referred to in the motion to dismiss was not binding because the appellee deviated from the agreed route by carrying the goods to Muskegon, Michigan, instead of to Owosso, Michigan.

The appellant showed by depositions of two of appellee's employees the following facts about which there appeared to be no dispute. An employee of the appellee received the goods in Detroit for shipment to Owosso and filled out and delivered the Railway Express Receipt therefor, and that he either wrote in the stated value of $300 as stated to him by the shipper or it was already written on the package. He did not explain what route the shipment would go by, other than by passenger train. The train carrying the shipment passed through Owosso about 3 o'clock in the morning and, according to the regular procedure relative to shipments arriving at that time in the night, the shipment was carried on to Muskegon, approximately one hundred miles farther, from which point it would be later returned to Owosso for delivery during the day. However, the shipment was not delivered to any person at Muskegon but was put in a pile of "come-back freight" that was to be sent to Owosso. It was left unguarded and thereafter disappeared. Appellant also filed an affidavit showing the value of the shipment to be $3,520.94, and the payment by appellant to its assignors under its policy of insurance of the sum of $3,588.44, and moved for summary judgment.

The District Judge denied appellant's motion for summary judgment. Thereafter, he granted appellee's motion to dismiss the complaint and entered an order which stated, "It appearing to the Court to a legal certainty that plaintiff cannot recover the amount claimed, and that the claim is really for less than the jurisdictional amount for the reason that plaintiff is estopped to deny the $300 agreed valuation on the property in question. It is hereby ordered that the said motion to dismiss be, and the same is hereby granted." The District Judge cited in support of the ruling, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; Lichten v. Eastern Air Lines, D.C., 87 F.Supp. 691; Peyton v. Railway Express Agency, 5 Cir., 124 F.2d 430, and M.S.A. §§ 22.26 and 22.1192, Comp.Laws 1948, §§ 462.7, 469.502.

■■ As stated in St. Paul Mercury Indemnity Co. v. Red Cab Co., supra, the well settled rule governing dismissal for want of jurisdiction in cases brought in the federal court is that the sum claimed by the plaintiff controls if the claim is apparently made in good faith, but if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and so that his claim was colorable for the purpose of conferring jurisdiction, the suit will be dismissed. However, the opinion in that case also points out that in order for the court to disregard the amount claimed by the plaintiff it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. In ex-

planation of this statement, the opinion said, "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. *Nor does the fact that the complaint discloses the existence of a valid defense to the claim.*" 303 U.S. at page 289, 58 S.Ct. at page 590. (Emphasis added.) Although the case itself did not involve the effect on jurisdiction of the existence of a valid defense to the claim, the statement appears strongly supported by the authorities.

In Schunk v. Moline, etc., 147 U.S. 500, 13 S.Ct. 416, 417, 37 L.Ed. 255, the complaint sought recovery from the defendant both for a specified amount which was overdue and an additional amount which was to become payable in the following month, it being necessary for both amounts to be in controversy in order for the jurisdictional amount to exist. In sustaining jurisdiction, the Court said, "Although there might be a perfect defence to the suit for at least the amount not yet due, yet the fact of a defence, and a good defence, too, would not affect the question as to what was the amount in dispute. * * * In short, the fact of a valid defence to a cause of action, although apparent on the face of the petition, does not diminish the amount that is claimed, nor determine what is the matter in dispute; for who can say in advance that that defence will be presented by the defendant, or, if presented, sustained by the court?"

In Smithers v. Smith, 204 U.S. 632, 27 S.Ct. 297, 300, 51 L.Ed. 656, the trial judge, without a jury, upon motion of the defendants, heard evidence and ruled that the plaintiff could not recover as much as the requisite jurisdictional amount, finding that the court had no jurisdiction and dismissing the action. In reversing the judgment, the Supreme Court commented upon the authority of the judge to dismiss an action for lack of jurisdiction and said, "Such an authority obviously is not unlimited, and its limits ought to be ascertained and observed, lest, under the guise of determining jurisdiction, the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury." The Court held that the trial judge in ruling as he did, exceeded his authority under the statute, and in determining jurisdiction, in effect, decided the controversy between the parties as to the amount recoverable upon the merits.

This Court has also made similar rulings. In Calhoun v. Kentucky-West Virginia Gas Co., 6 Cir., 166 F.2d 530, we pointed out that jurisdiction must be distinguished from the merits and that unless the claim set forth in the pleading involving the necessary jurisdictional amount is plainly unsubstantial, either because obviously without merit or because its unsoundness results so clearly from court decisions as to leave no room for the inference that the questions sought to be raised can be the subject of controversy, a case is presented within the federal jurisdiction, regardless of the fact that a final judgment on the merits fails to establish the necessary jurisdictional amount. We reversed the ruling of the lower court which dismissed the action for lack of jurisdiction, pointing out that under the state law, it was not apparent to a legal certainty that the plaintiff would not be able to recover the amount claimed, in that even a superficial examination of the applicable Kentucky law disclosed that there was a real legal controversy with respect to the amount of damages recoverable. We ruled later to the same effect in Scottish Union & Nat. Ins. Co. v. Bejcy, 6 Cir., 201 F.2d 163, 37 A.L.R.2d 534, in which jurisdiction by reason of the necessary amount in controversy depended upon the ruling on an unsettled question of state law which we would ultimately give in deciding the case upon its merits

The rule was approved and followed in Board of Commissioners v. Vandriss, 8 Cir., 115 F. 866, 872, where a portion of the claim, necessary to bring the amount involved up to the required amount, was not enforceable because of the bar of the statute of limitations. In Harris v. Il-

linois Central R. Co., 5 Cir., 220 F.2d 734, 736, the Court said, "A valid defense in diminution of the amount claimed does not necessarily diminish the amount that is or may be claimed in good faith by the plaintiff." Other cases also stating the rule are McDonald v. Patton, 4 Cir., 240 F.2d 424; Burks v. Texas Co., 5 Cir., 211 F.2d 443, 445, 47 A.L.R.2d 646; Wyoming Ry. Co. v. Herrington, 10 Cir., 163 F.2d 1004, 1006; American R. Co. of Porto Rico v. South Porto Rico Sugar Co., 1 Cir., 293 F. 670, 673–674; Sullivan v. Farmers Bank & Trust Co., D.C.E.D. Ky., 145 F.Supp. 702, 705.

 Such a rule does not contravene another well settled rule that the court has the power to determine in every case whether the prerequisites to jurisdiction in fact exist and that such jurisdictional issues are properly triable to the court prior to a trial on the merits. Rule 12(b) and (d), Rules of Civil Procedure, 28 U.S.C.A. The manner in which such a determination should be made is left to the trial court. Gibbs v. Buck, 307 U.S. 66, 76, 59 S.Ct. 725, 83 L.Ed. 1111. The court may inquire by affidavits or otherwise into the facts as they exist. It is not, however, a hearing upon the merits. Land v. Dollar, 330 U.S. 731, 735, note 4, 67 S.Ct. 1009, 91 L.Ed. 1209. For a thorough discussion and analysis of this rule, see Williams v. Minnesota Mining & Manufacturing Co., 14 F.R.D. 1, with opinion by Judge Mathes of the Southern District of California, who is sitting by designation as a member of the Court presently considering this case. As pointed out in that opinion, such hearings usually involve factual issues pertaining only to the question of jurisdiction, not including factual issues which would be decisive of the merits of the plaintiff's claim. Where the jurisdictional issue as to amount in controversy can not be decided without the ruling constituting at the same time a ruling on the merits of the case, the case should be heard and determined on its merits through regular trial procedure. Land v. Dollar, supra, 330 U.S. 731, 735, 67 S.Ct. 1009, 1011. If the rule were otherwise, the merits of a controversy could be summarily decided, partly on affidavits without the right of cross-examination, under the guise of determining the jurisdictional issue as to the amount in controversy. Smithers v. Smith, supra, 204 U.S. 632, 645, 27 S.Ct. 297, 300.

In view of the foregoing discussion of the authorities, in order for the ruling of the District Court in the present case to stand, it must appear as a matter of legal certainty that the appellant would not be able to recover the necessary jurisdictional amount. The District Judge's ruling, as stated in the order, was based upon such a proposition. Our inquiry is accordingly directed to the question whether it was a legal certainty that the appellant was limited in its recovery to the stated value of $300.

We need only to read the briefs of the respective parties to realize the difficult legal question presented by the facts of this case. The shipment in this case was an intrastate shipment which at the outset makes inapplicable the numerous cases in which the limitation of liability is based upon the interstate nature of the shipment. Annotation, 165 A.L.R. 1005. For this reason there may be some question about the applicability of the ruling of the Michigan Supreme Court in Harrison Granite Co. v. Grand Trunk Railway System, 175 Mich. 144, 141 N.W. 642, which involved an interstate shipment. But assuming that under Michigan law it is the general common law rule that limitation of liability is valid with respect to an intrastate shipment, appellant relies upon an exception to the general rule in cases involving deviation on the part of the carrier. Merrick v. Webster, 3 Mich. 268; The Sarnia, 2 Cir., 278 F. 459, certiorari denied 258 U.S. 625, 42 S.Ct. 382, 66 L.Ed. 797; Farr v. Hain S. S. Co., 2 Cir., 121 F.2d 940, 944; St. Johns N. F. Shipping Corp. v. S. A. Companhia Geral, etc., 263 U.S. 119, 124, 44 S.Ct. 30, 68 L.Ed. 201; Benoit v. Central Vermont Railway, 116 Vt. 266, 73 A.2d 321, 33 A.L.R.2d 139; General Electric Co. v. Argonaut S. S. Line, Inc., D.C.E.D.N.Y., 7 F.Supp. 710; Annota-

tion, 33 A.L.R.2d 145, 223. Whether the alleged deviation should be considered a legal deviation because of the necessities of the situation or because of an established custom in the business involves not only an unsettled question of law but factual considerations as well. Hostetter v. Park, 137 U.S. 30, 11 S.Ct. 1, 34 L.Ed. 568; C. M. McMahen & Sons v. Louisville & N. R. Co., 5 Cir., 16 F.2d 698. There is also involved the question whether the ruling in The Sarnia, supra, should be limited to admiralty cases, as appellee contends has been done by a subsequent ruling of that court in Lichten v. Eastern Airlines, supra, 87 F.Supp. 691, affirmed 2 Cir., 189 F.2d 939, 25 A.L.R.2d 1337. It will be noticed that the Lichten case involved an interstate shipment, and that one member of the Court was unable to see why the rule should not apply to carriers by air. Pages 948–949. The question has not been decided in Michigan.

The question is further complicated by the Michigan statutes. Appellee contends that Sections 22.26 and 22.58, Michigan Statutes Annotated, Comp. Laws 1948, §§ 462.7, 462.40, as construed by the Attorney General of Michigan and court rulings, do not invalidate the limitation of liability. Appellant contends that Sections 22.1191 and 22.1192, Michigan Statutes Annotated, Comp. Laws 1948, §§ 469.501, 469.502, which are later enactments than the ones relied upon by the appellee, and which have not been construed by any reported Michigan case, makes unlawful the limitation of liability in the present case. In view of the express wording of these later statutory enactments, appellant's contention can not be viewed as one which is so frivolous as not to deserve consideration by the Court.

■ We are of the opinion that it does not appear to a legal certainty from the record before us that the appellant could not recover the amount claimed, and that the District Judge was in error in dismissing the action for lack of jurisdiction.

The judgment is reversed and the case remanded for further proceedings not inconsistent with the views expressed herein.