**George Dennis MILLER, III, et al., Plaintiffs,**

**v.**

**STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**No. 37901.**

United States District Court, E. D. Michigan, S. D.

August 7, 1972.

Harry Gibson, Robert Houston, Lloyd E. Powell, Detroit, Mich., for plaintiffs.

Nathan B. Goodnow, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

JOINER, District Judge.

Jurisdiction in this case is claimed to be based on Sections 1331, 1337 and 1343 of the Judicial Code (28 U.S.C. Sections 1331, 1337 and 1343). Defendant has moved to dismiss this case for want of jurisdiction. For the reason stated in Gibson, et al. v. First Federal Savings and Loan Association, 347 F.Supp. 560, Eastern District of Michigan, and for further reasons stated in this Opinion, the motion is overruled. Gibson sustains jurisdiction under Section 1337 U.S.C.

The Plaintiff in this action prays that the Defendant, a federal savings and loan association, be directed to cease and desist from certain practices set forth in the complaint that are alleged to violate federal law, regulations and guidelines. He prays further that judgment be entered against the Defendant for the

money due to the Plaintiff and for all money due to persons in the same class as the Plaintiff. He prays that the Defendant specifically be directed to change its procedures for collecting escrow money and for punitive damages.

The case involves allegations on the part of the Plaintiff that the Defendant has required the Plaintiff to pay into its escrow account amounts larger than permitted under 11 C.F.R. 545.6–11 for the purpose of paying taxes and insurance on property mortgaged to the Defendant as security for a loan.

Jurisdiction of this Court can be sustained under Section 1331 of the United States Code. That a federal question has been stated is shown by the fact that Plaintiff relies for its case on the fact that the Defendant has allegedly violated 11 C.F.R. Section 545.6–11:

> "A federal association may require that an equivalent of one-twelfth of the estimated annual taxes, assessments, insurance premiums and other charges on real estate security be paid in advance . . . to enable the association to pay such charges as they become due from the funds so received . . . ."

Plaintiff asserts that this section should be interpreted so as to prohibit the acts which he asserts should be stopped, i. e. the collection of escrow account funds not permitted by the regulation. This case is therefore not a case based on contract under state law, but one bottomed squarely on a federal statute or regulation, and therefore the kind of case that ought to be heard in this Court if a jurisdictional amount can be found, Gibson v. First Federal Savings and Loan Association, 347 F.Supp. 560, Eastern District of Michigan, (1972); Bernstein Bros. Pipe and Machinery Company v. Denver & R. G. W. R. Co., 193 F.2d 441 (10 Cir. 1951); see also, J. I. Case Company v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); Wills v. Trans World Airlines, Inc., 200 F.Supp. 360 (S.D.Cal.1961). In fact, if ever there was a case in which the litigation should be determined in the fed-eral court as distinguished from the state court, this is it. This is a federal savings and loan association operating under federal regulations, a violation of which is the basic charge against the Defendant. Clearly, the federal court is a better forum for making the determinations called for in this case than is a state court. Cases such as Andersen v. Bingham and Garfield Railroad Company, 169 F.2d 328 (10 Cir. 1948), denying jurisdiction because the federal regulation does not authorize an affirmative right to sue are not controlling.

The main problem is one of amount in controversy. It is admitted that the specific amount due and owing the Plaintiff is substantially less than $10,000. From the standpoint of the Plaintiff as an individual, therefore, only a few dollars, at the most the interest on the funds allegedly wrongfully required to be deposited in account, less than $100 a year, are involved. On the other hand, if Defendant is required to cease and desist from collecting the sums of money allegedly collected in violation of 11 C.F.R. 545.6–11 for its whole operation, many times $10,000 will be affected by the Court's Order. Because the Defendant is a federal savings and loan association regulated by a federal agency and the interpretation of a provision of the regulations of that agency is at the heart of this action, it is not possible to grant the relief requested in this case affecting only the Plaintiff and the Defendant. Any such affirmative relief must directly affect all other escrow accounts. Thus from the standpoint of the Defendant, if he is forced to comply with the demands of the Plaintiff and to make this practice consistent for all borrowers, many dollars are involved, many times the minimum required to give this Court jurisdiction. It is not essential, as requested by the Plaintiff, to construe this action as a class action to reach this conclusion. The compliance by the Defendant with the relief requested by the Plaintiff as an individual will cause "the value of the object" to the Defendant to exceed $10,000, because

it will be forced to act consistently in all of its escrow accounts. In no way should this Opinion be construed as an indication that this action is or is not a class action.

There is no definitive determination by the Supreme Court as to the viewpoint from which the Court should look at the question of jurisdictional amount. Mississippi and Missouri Railroad v. Ward, 67 U.S. 485, 17 L.Ed. 311 (1863), is unclear as to what is the antecedent of "the value of the object." Glenwood Light and Power Company v. Mutual Light, Heat and Power Company, 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174 (1915), simply holds that if the value to the Plaintiff exceeds the jurisdictional minimum, the case may be brought in the federal court. Although lower courts are divided on the issue, Central Mexico Light and Power Company v. Munch, 116 F.2d 85 (2 Cir. 1940) and Ronzio v. Denver and R. G. W. R. Company, 116 F.2d 604 (10 Cir. 1940), the sensible rule in federal question cases requires that if it can be determined from the complaint that "the value of the object" involves more than $10,000, whether looked at from the viewpoint of the Plaintiff or from the viewpoint of the Defendant, jurisdictional amount is present. This should be specially true in federal question cases, for in such cases the federal court should not strain to dismiss for want of jurisdictional amount. Perhaps there should be a different rule in diversity cases.

Commentators have split on the viewpoint question, but Professor Wright suggests that the "test that permits the Court to find the presence of a jurisdictional amount from either viewpoint . . . seems to be the most desirable." Wright, Law of Federal Courts, 2d Ed. (1970) 118–119.

Defendant has asked the Court to consider affidavits filed indicating that the basic fact assertions made by the Plaintiff are not true and that, therefore, the claim of jurisdiction is frivolous and unsubstantial. These affidavits, however, speak to the merits of the litigation and the question they propound should be raised, if at all, by a motion for summary judgment after jurisdiction has been sustained. The concept of "unsubstantiality and frivolousness" deals with the law as it relates to whether a federal question has been stated, Bell v. Hood, 327 U.S. 678, 66 S. Ct. 773, 90 L.Ed. 939 (1946), and is to be determined on the facts alleged in the complaint.

Jurisdiction in this case should be sustained on the ground that this case involves a federal question and more than $10,000, 28 U.S.C. § 1331.

The motion to dismiss on jurisdictional grounds is overruled.

Plaintiff has filed a motion to permit the filing of an amended complaint. This motion is granted.