Maye WELLS

v.

## INSURANCE COMPANY OF NORTH AMERICA.

Civ. No. 3–78–08.

United States District Court, E. D. Tennessee, N. D.

May 1, 1978.

R. Bruce Ray, Knoxville, Tenn., for plaintiff.

Richard L. Hollow, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

On January 17, 1978, plaintiff filed this diversity action against the defendant in this Court. Plaintiff, in her complaint, alleges that she is a citizen and resident of the State of Florida. Plaintiff further alleges that the defendant is a citizen of the State of Pennsylvania. The suit is based upon an alleged breach of contract and tort involving a refusal by the defendant to defend the plaintiff in a state action in Tennessee. Jurisdiction in this Court is alleged under 28 U.S.C. § 1332.

Section 1332 requires, before jurisdiction based upon diversity of citizenship may be held to exist, that the "matter in controversy" exceed "the sum or value of $10,000." The defendant has moved to dismiss for lack of jurisdiction based upon failure to satisfy the jurisdictional amount.

The general rule in determining the existence of the proper jurisdictional amount is that the complaint itself controls "unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (citation omitted). If a claim is made for more than the jurisdictional amount, the complaint should not be dismissed for lack of jurisdictional amount unless it appears to a "legal certainty" that the plaintiff cannot recover the jurisdictional amount. *Tullos v. Corley*, 337 F.2d 884 (6th Cir. 1964). Nor should a jurisdictional inquiry be transformed into a preliminary hearing on the merits. *See Fireman's Fund Insurance Co. v. Railway Express Agency*, 253 F.2d 780 (6th Cir. 1958). At the same time, "if from the nature of the case as stated in the pleadings, there could not legally be a judgment for an amount necessary to the jurisdiction, jurisdiction cannot attach, even though the damages be laid in the declaration at a larger sum." *Vance v. W. A. Vandercook Co. (No. 2)*, 170 U.S. 468, 18

S.Ct. 645, 42 L.Ed. 1111 (1898). The Court is of the opinion that on the face of the pleadings the amount recoverable in this action, under clear state law, is less than $10,000. *See Fehling v. Cantonwine,* 522 F.2d 604 (10th Cir. 1975); *Jeter v. Jim Walter Homes, Inc.,* 414 F.Supp. 791 (W.D. Okl.1976). *Cf. Fireman's Fund Insurance Co. v. Railway Express Agency, supra.*

Plaintiff alleges that on October 24, 1974, a guest at her motel was bitten by a stray dog. A year later, a state suit was filed against the plaintiff by the guest. Pursuant to the terms of her insurance contract with the defendant, the plaintiff then notified the defendant of the pending suit. Claiming failure of proper notice, the defendant refused to defend the state suit. Plaintiff ultimately won the state suit, but claims damages in contract and tort based upon the refusal of the defendant to defend said suit in state court.

The plaintiff admits that $5,000 is the highest possible amount of damages recoverable for breach of contract. (Plaintiff's brief at 3.) The remainder of plaintiff's claim is based upon compensatory and punitive damages for mental injury and physical illness caused by defendant's tortious actions, which allegedly amounted to intentional or reckless infliction of severe emotions distress by means of extreme and outrageous conduct. Both sides appear to agree that unless the allegations in the complaint make out at least a colorable claim of the tort of outrageous conduct, the jurisdictional amount is lacking.

██ The rule in Tennessee is that the actionable conduct under this tort must be set out in the pleadings. *Medlin v. Allied Investment Co.,* 398 S.W.2d 270, 275 (Tenn. 1966). As far as can be inferred from the pleadings, the defendant simply disagreed in good faith over whether the plaintiff had satisfied the notice requirements. Under Tennessee law, a failure of notice justifies a refusal to assume liability on the part of an insurance company. *See Melton v. Republic Vanguard Insurance Co.,* 548 S.W.2d 313 (Tenn.1976). Thus, a good faith belief that a failure of notice had taken place would justify a refusal to defend, and in such a circumstance no recovery in tort could be had by the plaintiff. The pleadings, even broadly construed, do not suggest that the defendant ought to have known that the lack of notice in this case would not justify a refusal to defend.

██ Even if the Court were to read the complaint as alleging that the refusal to defend was not made in good faith, either because the defendant ought to have known, or did know, that the notice requirement had been met in this case, *cf. Moorhead v. J. C. Penney Co., Inc.,* 555 S.W.2d 713 (Tenn.1977), the pleadings still fail to state a cause of action because no instances of abusive or outrageous conduct are alleged in the complaint. *See Medlin v. Allied Investment Co., supra.* A breach of contract, even if clear, is not by itself actionable under the tort of outrageous conduct. *Cf. Johnson v. Woman's Hospital,* 527 S.W.2d 133 (Tenn.1975). It is clear from the face of the plaintiff's complaint that plaintiff may only recover, upon proof of the merits, the $5,000 recoverable as contract damages. This sum does not establish jurisdiction.

Accordingly, it is ORDERED that defendant's motion to dismiss be, and the same hereby is, granted.

Order Accordingly.