N. Anthony MELKUS, Ind. and on behalf of Others Similarly Situated, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Defendant.

No. 78–40120.

United States District Court, E. D. Michigan, S. D.

Oct. 3, 1980.

David Melkus, Flint, Mich., for plaintiff.

Joseph A. Sullivan, David G. Chardavoyne, Detroit, Mich., for defendant.

## MEMORANDUM OPINION

NEWBLATT, District Judge.

On August 18, 1978, Plaintiff filed this lawsuit in Genesee County Circuit Court against Defendant Allstate Insurance Co. (Allstate) to recover property damage to Plaintiff's automobile sustained in a hit and run accident while Plaintiff's vehicle was parked. Plaintiff alleges a violation of an insurance contract and seeks equitable relief, clarification of policy language as well as money damages, including a compensatory damage award for aggravation, vexation

and annoyance, and exemplary damages for Defendant's bad faith. Plaintiff will seek class certification. On September 21, 1978, Defendant Allstate removed the lawsuit to this Court pursuant to 28 U.S.C. § 1441, basing jurisdiction on diversity, 28 U.S.C. § 1332.

This case is here on Plaintiff's motion to remand to the State Court pursuant to 28 U.S.C. § 1447(c).

## ARGUMENTS OF THE PARTIES

Plaintiff's motion to remand is based on his assertion that this Court lacks subject matter jurisdiction since the $10,000 amount in controversy requirement of 28 U.S.C. § 1332 is not satisfied.

■ Plaintiff states that while he was clearly able to assert a claim for more than $10,000 in State Court, he may be unable to do so in Federal Court due to the different treatment in the two forums of the aggregation of claims for class action to establish the jurisdictional amount.[1] Thus, focussing on his individual interest in the suit, Plaintiff concludes that, while it is not impossible, he is unable to establish a claim for the requisite amount with certainty.

Plaintiff's complaint seeks relief in money damages of $750.58 for out–of–pocket expenses spent repairing his truck, exemplary damages for Defendant's bad faith in failing to pay his insurance claim, and injunctive and declaratory relief regarding the language of the insurance policy.

■ While Plaintiff recognizes that his individual claim for out of pocket expenses is well below the statutory minimum of 28 U.S.C. § 1332, he contends that his claim for exemplary damages may satisfy the jurisdictional amount in controversy. Since it is clear that exemplary damages may be tak-

en into account in determining whether the jurisdictional requirement has been met, state law must be looked to in order to determine whether exemplary damages are recoverable. *Hamilton v. Hartford Ins. Co.* 425 F.Supp. 224 (DC Pa.1977); *Bell v. Preferred Life Assurance Co.*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Plaintiff engages in an analysis of state law and concludes that while the issue is unsettled in Michigan, *Fletcher v. Aetna Casualty and Surety Co.*, 80 Mich.App. 439, 264 N.W.2d 19 (1978) [*leave to appeal granted on other grounds*, 402 Mich. 950s (1978)] may preclude recovery in this case. In addition to suggesting that this uncertainty requires remand,[2] Plaintiff suggests that remand is appropriate in order to provide Plaintiff with an opportunity to litigate this question in state court.

While Plaintiff also recognizes the possibility that the value of the action or cost to Defendant in the action may be considered when evaluating whether the requisite jurisdictional amount in controversy is met, nevertheless, Plaintiff dismisses that possibility relying on *Snow v. Ford*, 561 F.2d 787 (9th Cir. 1977). In *Snow*, the court refused to consider the "total detriment" to the Defendant despite Defendant's argument that the injunctive relief sought would affect all of the manufacturer's future sales to individual consumers. *See* 14 *Wright* 3703 n. 15.1.

## DEFENDANT'S ARGUMENT

Defendant stresses that the amount in controversy has been measured by the value of the lawsuit to the Plaintiff *and* by the cost to the Defendant of complying with the required injunctive relief and further argues that jurisdiction in this case is proper by way of either approach. Defendant

1. In state court individual claims in class actions may be aggregated in order to meet the jurisdictional amount requirement. MCLA 600.8301, 600.8315; Michigan GCR 208; *Paley v. Coca Cola Co.*, 29 Mich.App. 379, 197 N.W.2d 478 (1972), aff'd, 389 Mich. 583, 209 N.W.2d 232 (1973). *See especially*, 1 Honogoman and Hawkins, Michigan Court Rules Annotated, Supp. p. 275, Analysis of GCR 208 ¶ 3. In federal court, however, each individual party

in a class action must meet the jurisdictional amount requirement. *Snyder v. Harris*, 394 U.S. 332, 895 S.Ct. 1053, 22 L.Ed.2d 319 (1969); *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) and *See Snow v. Ford*, 561 F.2d 787, 789 n. 2.

2. At the same time, Plaintiff suggests that this court may chose to distinguish the *Fletcher* decision and permit such recovery in this case.

also calls attention to the standard of proof required in order to grant a remand for failure to meet the requisite amount in controversy–that is–the court must find that Plaintiff is incapable to a legal certainty of recovering the jurisdictional amount.

Regarding the value of the lawsuit to the Plaintiff, Defendant argues that remand is not appropriate inasmuch as Plaintiff himself acknowledges that it is not impossible for him to recover in excess of $10,000. Furthermore, Defendant engages in an exhaustive analysis of Michigan law on the recovery of exemplary damages. While Defendant, like Plaintiff, recognizes the question is unsettled, Defendant concludes that Michigan law on the subject indicates a willingness to grant such damages in appropriate cases.[3] *See Fletcher, supra; Kewin v. Massachusetts Mutual Life Insurance Co.,* 79 Mich.App. 639, 263 N.W.2d 258 (1977) (but note recent reversal by Michigan Supreme Court, 295 N.W.2d 50, 1980). Thus, Defendant concludes that remand would be inappropriate since the "no recovery to a legal certainty" test has not been met.

As for cost to Defendant and Defendant's interest in the action, Defendant argues that, were Plaintiff to prevail, and were the injunctive relief sought by Plaintiff to be granted, compliance with such an order could cost Defendant in excess of $10,000, thereby establishing the required amount in controversy. In this regard, Defendant places substantial reliance on a line of cases which evaluate and recognize Defendant's interest in evaluating whether the jurisdictional requirement has been met. *See Miller v. Standard Federal Savings & Loan Association,* 347 F.Supp. 185 (ED Mich.1972) and the line of cases cited in *Snow v. Ford, supra* at 788–9. By focussing on the cost of implementing the injunctive relief sought by Plaintiff himself rather than the sum of the various claims of each potential member of the possible class action, Defendant implies that it does not rely on the presence or absence of a class action in order to meet the jurisdictional test. In this way, Defendant attempts to distinguish the *Snow* decision discussed *infra.*

*DISCUSSION*

In order to remand this case, the Court must find that Plaintiff is incapable, to a legal certainty, of recovering the jurisdictional amount. The Defendant bears the burden of making this showing.[4] 14 Wright Federal Practice & Procedure § 3702 p. 374–5 n. 77. *See e. g.*

Generally speaking, the *"certainty test"* makes it very difficult to secure dismissal of a case on the ground that it does not appear to satisfy the jurisdictional requirement.[5]

One of the few situations where such a burden may be met is when a specific rule of law or measure of damages limits the amount of damages recoverable. 14 Wright, Federal Practice & Procedure § 3702 p. 394.[6] Plaintiff's Motion to re-

---

3. While most of the cases permitting recovery of exemplary damages involve personal injuries, until the Michigan Supreme Court's recent reversal of the *Kewin* case, cited above, it was not altogether clear that such recovery was precluded in contract actions. *See Krajenke v. Preferred Mutual Insurance Co.,* 68 Mich.App. 211, 242 N.W.2d 70 (1976).

4. Once challenged, the party seeking to invoke jurisdiction has the burden of proving its existence to a legal certainty. *Wright.* Thus, in cases originally commenced in a federal court, Plaintiff bears this burden; in removed cases, it is on the Defendant. In this case, the burden of proof is on the Defendant.

5. While the burden of proof is on the Defendant to show the requisite amount in controversy on removal, this is normally an easy burden

to meet since the Plaintiff generally asserts a claim for the requisite amount in the original pleadings and courts presume such assertions are made in good faith.

6. *See Fireman's Fund Ins. Co. v. Railway Express Agency, Inc.,* 253 F.2d 780, (CA 6th 1958) (where the Court of Appeals reversed the District Court and held that it did not appear to a legal certainty that Plaintiff could not recover the jurisdictional amount because it was unclear whether, under *Michigan* law, a limitation of liability was valid with respect to the matter involved). That the law on this point was unsettled was deemed sufficient for the purposes of determining that the "legal certainty" test has not been met. *Id.* According to *Wright,* the two other situations where the burden is easily met are where the terms of the contract

mand is premised on this exceptional situation.

Normally, the sum demanded by Plaintiff controls if made in good faith and if Plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); *Tullos v. Corley*, 337 F.2d 384 (6th Cir. 1974); *Wells v. Insurance Co.*, 452 F.Supp. 304 (ND Tenn., 1978). In this case, Defendant is put in a somewhat awkward position since the Plaintiff himself questions his chances of recovering the requisite amount in controversy while maintaining it is not impossible for him to so recover. Plaintiff recognizes that his individual claim might exceed $10,000 depending upon the Court's evaluation of the law regarding the claim made for exemplary damages. Plaintiff's caution is due to the unsettled nature of case law in Michigan regarding the recovery of exemplary damages. Despite Plaintiff's uncertainty, for the purposes of its analysis, this Court will assume Plaintiff has made a good faith demand for $10,000 individual damages. Thus, the only remaining question is whether the Court finds to a legal certainty that such a claim may not properly be made.

The question of which party's interest may be considered in evaluating the jurisdictional amount remains unsettled. *See Miller supra* at p. 138. *See* 14 *Wright* § 3702. The courts have taken three (3) approaches to this issue. First there are those courts that consider only the Plaintiff's view point when making this determination and hold that this should be the sole criterion. Few cases are cited for this position. Plaintiff relies primarily upon the *Snow* decision in dismissing consideration of Defendant's view point in this case. *Snow v. Ford, supra* and *Zep Mfg. Corp. v. Haber*, 202 F.Supp. 847 (SD Tex. 1962). The second approach taken by the courts considers both the Plaintiff's and the Defend-

ant's viewpoints. *Miller, supra*, is one of the most recent and important case in this category. *See also Cate v. Blue Cross and Blue Shield of Alabama*, 434 F.Supp. 1187 (ND Tenn.1977); cases cited in *Snow v. Ford, supra* at 788 including *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 398–99 (9th Cir. 1974); *Ronzio v. Dener & RQWR Co.*, 116 F.2d 604, 606 (10th Cir. 1940). A third approach taken or suggested in dicta by a few courts, considers the value to the party seeking to invoke jurisdiction. It has been pointed out that the last approach may have some anomalous results. 14 *Wright* § 3703.

This Court finds that the better approach, depending upon the nature of the case, the relief sought, and the underlying basis for jurisdiction, is that taken by courts in the second category whereby both the interests of the Plaintiff and the Defendant may be taken into consideration under proper circumstances. Compare *Snow*, supra, and *Miller, supra*. Since this Court concludes that the requisite jurisdictional amount is not met based on the value of the lawsuit to the Plaintiff, a determination of the scope and application of the "defendant's viewpoint" test becomes necessary.

Upon reviewing the arguments and cases cited by both parties, and the recent Michigan Supreme Court decision in *Kewin v. Massachusetts Mutual Life Ins. Co.*, supra, this Court concludes that it appears to a legal certainty that Plaintiff cannot recover $10,000 in this action. The *Kewin* decision recently issued by the Michigan Supreme Court addressed the question of exemplary damages which was considered unsettled at the time this motion was briefed. The decision held that in a common law action for a commercial contract, specifically a disability income protection policy, exemplary damages may not be awarded absent allegation and proof of tortious conduct existing independent of the breach.[7]

---

sued upon limit Plaintiff's recovery or where Plaintiff has claimed damages merely to obtain federal jurisdiction. Neither of those two situations have been asserted in this case.

7. It should be stressed that the court only determines now that as this cause is pleaded, exemplary damages are not recoverable in the instant case. It may be that the *Kewin* deci-

Since it appears to a legal certainty that Plaintiff himself cannot assert a claim for $10,000 and since Plaintiffs in a class action in federal court cannot aggregate their claims, it becomes necessary to consider this matter under the Defendant's viewpoint test. This Court concludes that Defendant's interest in this case does not exceed $10,000 for the purposes of establishing diversity jurisdiction.

Attention must be paid to the two lines of cases relied upon by the parties. *Compare Snow* with *Miller*. In evaluating the value of the object to the Defendant, the courts have considered the basis for jurisdiction, (federal question or diversity), the presence or absence of class action and the type of relief sought.

In *Miller v. Standard, supra*, an individual Plaintiff brought a claim against a federal savings & loan institution for damages and injunctive relief requiring the Defendant to cease and desist from collecting the sums of money allegedly collected in violation of CFR 545.6–11. Jurisdiction was invoked pursuant to 28 U.S.C. § 1331, federal question jurisdiction. In assuming jurisdiction, the court did not deem it necessary to consider Plaintiff's action as a class action inasmuch as Defendant, a federal savings & loan institution, was subject to federal agency regulation, and would be required to provide relief to all escrow accounts in accordance with the interpretation of the agency regulation and court order were Plaintiff to prevail.

The court in *Miller* focussed on the type of relief requested and noted the possible distinction in the approach to a case where jurisdiction is based upon a federal question and where jurisdiction is founded on diversity jurisdiction.[8]

Some of the points raised and distinctions made in *Miller* were developed in *Snow, supra.* In *Snow*, a class action based on diversity jurisdiction, each Plaintiff had an 11–dollar interest in the lawsuit (the cost of including wiring in trailer hookup kits). Plaintiffs sought injunctive relief requiring that Defendants be required to supply wiring in such trailer package kits. The court held that since Plaintiffs in a class action may not aggregate their separate and distinct claims in order to satisfy the jurisdictional amount required, Defendants may not aggregate Plaintiffs' claims in order to invoke jurisdiction. Therefore, the court disallowed consideration of injunctive relief on future sales to individuals in assessing the jurisdictional amount and reversed the district court on the matter of jurisdiction. The Court of Appeals reasoned that any other approach could defy the prohibition of the aggregation of claims in a class action.

■ Defendant attempts to distinguish the *Snow* decision stressing that it is not relying on the aggregation of claims as prohibited by the Supreme Court with respect to Plaintiff's claims in class actions and as further proscribed in the evaluation of Defendant's interest in *Snow*. Here, an individual Plaintiff seeks injunctive relief and Defendant argues that were it obliged to provide the relief sought, that is redraft its insurance policies, the cost to Defendant, as in *Miller*, would be in excess of $10,000. This Court finds that Defendant's contention that injunctive relief provided to an individual Plaintiff would require the Defendant to incur a cost in excess of $10,000 thereby establishing jurisdiction, is without merit. Unlike *Miller*, class certification

sion can be distinguished (i. e. Plaintiff's claim based on violation of statute rather than common law), or that the claim falls within one of the narrow exceptions provided for in *Kewin* (i. e. non–commercial contract or contract specifically provides for exemplary damages); or that, on remand, Plaintiff will amend his contract action with appropriate tort claim. In reaching its decision, this Court merely finds that–to a legal certainty for the purposes of federal jurisdiction–Plaintiff cannot recover the

jurisdictional amount in the instant contract action.

8. The court explained that the purpose of the jurisdictional amount requirement is to avoid minor cases but suggested that while the court should not strain to avoid jurisdiction of cases involving federal questions, a different approach might be warranted in diversity cases.

would be required in order to authorize the injunctive relief sought by Plaintiff in this case.[9] It should be noted that the situation in *Miller* was somewhat unique inasmuch as the suit was brought pursuant to federal question jurisdiction and class certification was deemed unnecessary in order to provide injunctive relief. Thus, the instant case falls within the analysis of *Snow* and accordingly, jurisdiction on the basis of interest to Defendant, should be denied.

In conclusion, this Court finds that to a legal certainty, Plaintiff is incapable of recovering the jurisdictional amount based upon value of the lawsuit to Plaintiff and that the value of the lawsuit to Defendant likewise does not meet the jurisdictional requirement. Therefore, since the jurisdictional amount in controversy requirement of 28 U.S.C. § 1332 cannot be met, the Court remands the case to state court.

IT IS SO ORDERED.

---

9. *See also Cate v. Blue Cross & Blue Shield of Alabama,* 434 F.Supp. 1187 (where the court noted the emphasis placed on injunctive relief in *Miller* and refused to consider the collateral estoppel effect of Plaintiff's recovery when considering the value of the action to Defendant).