Rebecca WELLS, Plaintiff,

v.

**THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a/k/a The Prudential Health Care System of Tampa Bay,** Defendant.

No. 98–720–CIV–T–17B.

United States District Court,
M.D. Florida,
Tampa Division.

July 15, 1998.

William L. Yanger, Yanger & Yanger, Tampa, FL, for Rebecca Wells, plaintiff.

David P. Healy, Jonathan B. Butler, Katz, Kutter, Haigler, Alderman, Bryant & Yon, P.A., Tallahassee, FL, for Prudential Insurance · Company of America of Tampa Bay, defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, Chief Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment, (Docket No. 10), Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, (Docket No. 11), supplemented by an Affidavit of Kathy Cintron, (Docket No. 9), and Plaintiff's Affidavit in Opposition to Defendant's Motion for Summary Judgment. (Docket No. 16).

### Standard of Review

Summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party must state the basis for its motion and must identify the portions of the record that show the absence of a genuine issue of material fact. The burden can be discharged by "showing... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Once a moving party meets its burden, the nonmoving party must go beyond the pleadings and designate specific facts in affidavits, or in depositions, answers to interrogatories, and admissions, if any, that show a genuine issue of material fact. *Id.* 477 U.S. at 324, 106 S.Ct. at 2553.

Issues of material fact are " 'genuine' if a reasonable jury considering the evidence presented could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Material facts are those that will affect the outcome of the trial under the governing substantive law. *Id.* 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 202. In determining whether a material fact exists, the Court must consider all evidence in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All reasonable doubts and justifiable inferences are resolved in favor of the nonmoving party. *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir.1993).

Although factual disputes preclude summary judgment, the "mere possibility that a factual dispute may exist, without more, is not sufficient to overcome a convincing presentation by the party seeking summary judgment." *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980). When a party's response consists of nothing "more than a repetition of conclusional allegations," summary judgment is not only proper but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981).

### Facts

Plaintiff Rebecca Wells ("Plaintiff") brought this action on August 29, 1997, by filing her original complaint in the Circuit Court of the Thirteenth Judicial Circuit in Hillsborough County, Florida, entitled *Rebecca Wells v. PruCare HMO.* (Docket No. 11). On January 22, 1998, Plaintiff refiled her Amended Complaint, (Docket No. 2), in the state court, which removed Defendant PruCare HMO as a party and added "The Prudential Insurance Company of America, a/k/a The Prudential Health Care System of Tampa Bay," as a new party to the action, (The Prudential). (Docket No. 11).

On April 4, 1998, The Prudential removed the state-court action to this Court pursuant to Plaintiff's claim arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Plaintiff alleged in her amended complaint that she was issued a policy of disability insurance by The Prudential during the course of her employment with J.C. Penney Corporation. (Docket No. 2). In her affidavit that was filed on June 10, 1998, Ms. Wells stated that she was an employee of J.C. Penny for a period of twenty-five years, and that as of 1995, she was insured under an employee policy with Defendant. (Docket No. 16).

In support of her claim against Defendant, Ms. Wells provided the Group Number, Branch Number, I.D. Numbers, and the Control Number of this alleged policy. (Docket

No. 16). Plaintiff added that representatives of The Prudential frequently communicated with her through these reference numbers, and that Defendant paid many medical claims submitted by her medical providers. (Docket No. 16). Ms. Wells identified six representatives of The Prudential who she claimed communicated with her, and she concluded that Defendant never denied her any coverage or benefits relating to the alleged policy. (Docket No. 16).

Defendant denied the existence of this policy in its Answer and Defenses to the Plaintiff's Amended Complaint. (Docket No. 6). Defendant argued that Plaintiff's failure to attach a copy of the disability policy to her amended complaint should bar her from stating a cause of action. (Docket No. 11). The Prudential offered the Affidavit of Kathy Cintron, (Ex. A), to support its argument that such a disability policy was never issued to Plaintiff. (Docket No. 11). Ms. Cintron's Affidavit described her ability to manage and develop J.C. Penney's employee health and welfare plans through her position as its Projects Specialist–Benefit Development Division. (Ex. A). She added that Defendant "never issued such a disability policy to either Plaintiff or her employer, J.C. Penney, for Plaintiff's benefit, and that J.C. Penney was self-insured against its employees' disabilities during the period of time at issue in Plaintiff's Amended Complaint." (Ex. A).

Defendant filed its motion for summary judgment pursuant to Fed.R.Civ.P. 56 and Local Rule 3.01 with this Court on May 11, 1998. (Docket No. 10). Based upon established case law, this Court grants Defendant's Motion for Summary Judgment for the following reasons.

### Discussion

 The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., enables a participant or beneficiary of an employee welfare plan to bring a civil suit in federal court for the purpose of either recovering benefits due to him or her under the terms of the plan, or to enforce certain rights under its terms. § 1132(a)(1)(B). Congress enacted ERISA in order to safeguard the employee by insuring disclosure with respect to the creation, maintenance, and administration of employee benefit programs with their employers. *Cate*

*v. Blue Cross and Blue Shield of Alabama,* 434 F.Supp. 1187, 1189 (D.C.Tenn.1977).

Defendant, The Prudential, moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for an order directing the Clerk to enter final summary judgment in favor of Plaintiff and against Plaintiff Rebecca Wells. (Docket No. 10). Defendant argues that this Court should grant its Motion for Summary Judgment, since there is no dispute in fact that an insurance policy providing disability coverage to Ms. Wells was never issued. (Docket No. 10).

*I. Plaintiff's failure to include a written copy of the alleged employee welfare plan bars her claim against The Prudential and justifies Defendant's Motion for Summary Judgment.*

Established case law dictates the procedure and burden of proof required by a moving party in order to substantiate a motion for summary judgment. The Defendant satisfied this procedure by not only presenting sufficient evidence to support their motion, but, also, through showing the absence of a genuine issue of material fact regarding the Plaintiff's claim. An issue of fact is considered "material" when it has the ability to affect the outcome of the case, and it is viewed as "genuine" when the record taken as a whole could lead a rational jury to find for the nonmoving party. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997).

 The Prudential correctly argued that Plaintiff's failure to attach a written copy of the insurance policy with her amended complaint should prevent her from pursuing this civil action. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. The Affidavit of Ms. Cintron, provided credible support to the Defendant's claim that it never issued a disability policy to Ms. Wells. (Ex. A). Pursuant to 29 U.S.C. § 1132(a)(1), it is essential that every employee benefit plan be established and maintained through the form of a written instrument. In *Nachwalter v. Christie,* the Eleventh Circuit has recognized the significance of having a claimant offer a written employee welfare plan in support of his or her civil action against an insurance provider. 805 F.2d 956 (11th Cir.1986). The Court

established the Nachwalter rule in order to preclude oral modifications of an ERISA plan. *Id.* 805 F.2d at 956. *See Reed v. The Prudential Insurance Co. of America,* 4 F.Supp.2d 1148 (M.D.Fla.1998).

It has been recognized that "the mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient" in defending against a motion for summary judgment. Fed.R.Civ.P. 56(e). The party opposing a motion for summary judgment bears the task of demonstrating more than "some metaphysical doubt as to the existence of material facts." *Matsushita Electric Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In this case, Plaintiff's inability to provide a written insurance policy fails to establish an adequate statement of material fact. In her Affidavit, Ms. Wells presents such facts as her social security number, her address, and several policy numbers, as well as the names of several of Defendant's representatives who she allegedly communicated with to support her claim. (Docket No. 16). Merely stating one's period of employment, and alleging the existence of an insurance policy is not enough to overcome Defendant's Motion for Summary Judgment. (Docket No. 10).

Summary judgment serves as an instrument for dispelling cases that fail to present a valid claim, while also promoting the principal of judicial economy within our system. A finding of summary judgment is required when the nonmoving party fails to adduce evidence which would be sufficient, when viewed in a light most favorable to the non-movant. *Anderson,* 477 U.S. 242 at 245–255, 106 S.Ct. at 2513–14, 91 L.Ed.2d 202. Such a situation appears to arise when viewing the record of this case.

### Conclusion

This Court adopts the Defendant's Motion for Summary Judgment, (Docket No. 10), due to the lack of substantial evidence regarding the absence of a written insurance policy to support the Plaintiff's claim. Even after considering the record in a light most favorable to Ms. Wells, this Court concludes that no reasonable jury would be able to rule in the Plaintiff's favor without further presentation of greater evidence.

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment, (Docket No. 10), dated May 11, 1998 be **Granted.** The Clerk of the Court is **Directed** to enter judgment pursuant to this order.