341 So.2d 260 (1977)
Judith GIBBONS and Philip Gibbons, Appellants,
v.
Dock SHOCKLEY et al., Appellees.
No. 76-39.
District Court of Appeal of Florida, Third District.
January 4, 1977.
*261 Gerald M. Walsh & Associates and David L. Kahn, Fort Lauderdale, for appellants.
Fowler, White, Burnett, Hurley, Banick & Knight and Thomas Martin, Miami, for appellees.
Before HENDRY, C.J., PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellants, who were the plaintiffs in the trial court, appeal a final judgment which limited their recovery against defendant, the tortfeasor's insurance company, to the policy limit of the policy covering the automobile involved in the injury to the plaintiffs. Plaintiffs claim that the stacking of liability coverage is permissible in the light of legal precedent. See State Farm Mutual Automobile Insurance Company v. Castaneda, 339 So.2d 679 (Fla.3d DCA 1976).
We find no case or legal reasoning which would support plaintiffs' proposition. The United States Court of Appeals, Fifth Circuit, in a cause arising in the District Court for the Middle District of Florida, considered such a contention in Greer v. Associated Indemnity Corporation, 371 F.2d 29 (5th Cir.1967), and arrived at the same conclusion. See also 37 A.L.R.3d 1263.
Affirmed.