350 So.2d 1161 (1977)
Joyce MAINE, Plaintiff,
v.
Jerry Wayne HYDE, and Manchester Insurance Company, Defendants.
No. 77-956.
District Court of Appeal of Florida, Second District.
October 26, 1977.
Rehearing Denied November 14, 1977.
*1162 Ronald H. Schnell of Carr & Schnell, St. Petersburg, for plaintiff.
E. Robert Miller, Jr. of Miller and McKendree, Tampa, for defendants.
BOARDMAN, Chief Judge.
The Sixth Judicial Circuit has certified a question to this court pursuant to Fla.App. Rule 4.6(a) pertaining to stacking of automobile liability coverage. The question submitted is:
When the contract of liability insurance insures two separate automobiles, a separate premium for the bodily injury liability is charged for each automobile, [and] one of the two automobiles is involved in a collision while being operated negligently by the named insured in the policy causing bodily injury to one person, ... is the amount of coverage provided by said policy available to Plaintiff herein for bodily injury the [limits applicable to the automobile involved in the collision, a 1966 Ford Galaxy] ... or is the coverage [applicable to both automobiles] stacked?
Under the terms of the insurance policy issued to defendant, Jerry Wayne Hyde, by the Manchester Insurance & Indemnity Company, the carrier agreed to
pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of the bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
The declaration sheet which listed the 1966 Ford Galaxy involved in the accident stated that:
The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto. .. .
The limits were shown as $10,000 each person and $20,000 each accident. An amendment to the declaration sheet provided additional charge for a second automobile described as a 1964 Ford 2-door owned by Hyde "for the amount of insurance designated below" which was $10,000 each person and $20,000 each accident.
The policy contained a typical separability clause:
When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each... .
Plaintiff argues that the separability clause is void and that the maximum coverage afforded by the policy is the total of the limits of the bodily injury liability applicable to both described automobiles. The cases relied on by plaintiff permit stacking of uninsured motorist protection based on the payment of a separate premium for each coverage stacked and the peculiar nature of an uninsured motorist. See, e.g., Tucker v. Government Employees Insurance Co., 288 So.2d 238 (Fla. 1974). We think the unambiguous language of the separability clause clearly limits the insurance carrier's liability to $10,000 for each person injured and $20,000 for each accident. Moreover, we are not persuaded that the rationale for allowing stacking of uninsured motorist coverage should be applied to liability coverage. Unlike liability coverage, uninsured motorist coverage attaches to the person insured under the policy without *1163 consideration of the automobile involved in the accident driven by the insured.
We agree with the view expressed by the Third District Court of Appeal, which previously addressed this issue in Gibbons v. Shockley, 341 So.2d 260 (Fla.3d DCA 1977). There the court said that it could find no case or legal reasoning to support the plaintiffs' contention that they should be allowed to stack the tortfeasor's liability coverage. The court relied upon Greer v. Associated Indemnity Corp., 371 F.2d 29 (5th Cir.1967), which originated in the Middle District of Florida and involved the same legal issue. Several other jurisdictions have answered the question certified to this court, and the clear trend of the law is to disallow stacking of a tortfeasor named insured's liability insurance coverage for the benefit of an injured third party. See Annot., 37 A.L.R.3d 1263 (1971, Supp. 1976).
We agree with the reasoning of the above-mentioned opinions and therefore answer the certified question as follows: When an insurance contract insures two automobiles, with a separate premium for bodily injury liability being charged for each, and the operator of one of the automobiles is at fault in an accident, the injured third party cannot stack the liability coverage.
Therefore, Manchester Insurance Company's personal injury liability is limited to $10,000.
GRIMES and SCHEB, JJ., concur.