FLETCHER v AETNA CASUALTY & SURETY CO.

1. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—STATUTES—LIMITATION PROVISION.

It would be unconscionable to permit an insurance company offering statutorily required uninsured motorist coverage to collect premiums for the coverage with one hand and allow coverage to be taken away with the other by using a self-devised limitation provision.

2. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—STACKING.

Two uninsured motorist coverage provisions under which an injured party is covered may be stacked to increase the insurer's liability where the two provisions are from the same insurer in one contract covering two automobiles and where the insured party has suffered damages for which he has not been compensated which exceed the total liability of the insurance company when the provisions are stacked; the fact that the insurer gave a premium discount for the multiple car coverage should not change the result unless shown to be a quid pro quo for a limitation of liability.

3. CONTRACTS—BREACH—DAMAGES—EXEMPLARY DAMAGES—BAD FAITH—NATURE OF CONTRACT—MENTAL CONCERN AND SOLICITUDE.

Bad faith alone will not entitle an aggrieved party to recover exemplary damages from one who breaches a contract; rather the nature of the contract must be examined to ascertain whether it concerns matters of mental concern and solicitude; the aggrieved party is not entitled to exemplary damages where the character of the contract breached is pecuniary only.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
[2] 7 Am Jur 2d, Automobile Insurance § 135.7.
[3] 22 Am Jur 2d, Damages § 245.
[4] 16 Am Jur 2d, Constitutional Law §§ 395–401.
    73 Am Jur 2d, Statutes §§ 347, 348.
[5] 44 Am Jur 2d, Automobile Insurance §§ 192, 197.

4. Statutes—Retroactive Effect—Punitive Purpose—Legislative
   Intent.

   A statute which has a punitive purpose is never given retroactive
   effect; a statute will not be applied retroactively unless such a
   legislative intent is clearly and unequivocally expressed.

5. Insurance—Award—Insurer—Contested Liability—Interest—
   Date of Award—Perfection of Claim.

   An insured is entitled to interest on the amount of an insurer's
   liability from the date the insured's claim was perfected where
   at the time that the insurer's liability was contested the
   amount of the insured's loss was liquidated, known, or easily
   ascertainable.

Appeal from Genesee, Earl E. Borradaile, J.
Submitted November 1, 1977, at Lansing. (Docket
No. 29219.) Decided January 4, 1978. Leave to
appeal applied for.

Complaint by Phyllis D. Fletcher, as guardian of
Scott S. McQueen, a minor, against Aetna Casu-
alty and Surety Co. and Roger D. Ellis for a
declaratory judgment that plaintiff may stack the
uninsured motorist provisions with respect to two
automobiles under a policy written by the defend-
ant insurer under which Scott S. McQueen was
covered and for punitive damages because of the
insurer's refusal to pay its admitted liability. Judg-
ment for Aetna, but interest on the insurer's
admitted liability which it had refused to pay
allowed to plaintiff. Plaintiff appeals. Defendant
Aetna cross-appeals. Reversed and remanded.

*Newblatt, Grossman & Lancaster* (by *Howard R.
Grossman* and *David Melkus*), for plaintiff.

*Cline & Cline,* for defendant.

Before: J. H. Gillis, P. J., and Bashara and
H. L. Heading,* JJ.

* Detroit Recorder's Court judge, sitting on the Court of Appeals by
assignment.

BASHARA, J. Plaintiff appeals from a circuit court order modifying an arbitrator's award of recovery under an automobile insurance policy issued by defendant, Aetna Casualty and Surety Company (Aetna). The modification disallowed combination of the uninsured motorist coverage limitations on plaintiff's two automobiles with a resultant decrease in the available fund from which plaintiff could obtain recovery.

Plaintiff's ward was severely injured in a collision between his brother's motorcycle, on which he was riding, and an uninsured motorist. On a consent judgment of $99,000, plaintiff collected the liability limit of $20,000 from the state uninsured motorist fund. Plaintiff also collected $38,000 from the uninsured motorist coverage on the motorcycle and an automobile owned and insured by Scott McQueen's brother. It was plaintiff's attempt to combine the uninsured motorist coverage limitations on the two automobiles owned by her and her husband that fomented the controversy under review.

Aetna issued a single policy to plaintiff providing insurance for the two owned automobiles. The insurance premiums charged were equal to twice that charged for a single automobile less a 15 percent discount on the total. There were provisions in the contract of insurance limiting Aetna's liability for uninsured motorist coverage[1] and re-

---

[1] The limitation of liability provision states:

"Regardless of the number of (1) persons or organizations who are Insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damage, or (4) automobiles or trailers to which this policy applies.

\* \* \*

"[T]he limit for Uninsured Motorists Coverage stated in the declarations as applicable to 'each accident' is the total limit of Aetna

quiring arbitration of certain disputes arising under the contract.[2]

In response to plaintiff's claim of recovery from the uninsured motorist coverage, Aetna admitted liability for $20,000. However, Aetna rejected plaintiff's claim that the $20,000 limitation on each covered automobile could be combined to provide a $40,000 limit of recovery. Further, Aetna refused to tender payment of the $20,000 admittedly due unless plaintiff executed a release of all claims against Aetna, including the claim that the uninsured motorist coverages could be "stacked".

Suit was instituted by plaintiff for a declaratory judgment holding stacking to be permissible and for an award of punitive damages because of Aetna's refusal to pay their admitted liability of $20,-000. The resulting judgment held that plaintiff could not combine, or stack, the coverages, but reserved determining the punitive damages claim until the issue was decided by an arbitrator.

Subsequent to an arbitration hearing an award was issued fixing damages from the injury at $156,917.66 and permitting plaintiff to stack the uninsured motorist coverages, making Aetna liable for $40,000. On plaintiff's motion to confirm the

---

Casualty's liability for all damages because of bodily injury sustained by one or more persons as the result of any one accident."

[2] The arbitration provision reads as follows:

"If any person making claim under the Uninsured Motorists Coverage and Aetna Casualty do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing thereunder, then, upon written demand of either, the matter or matters upon which such person and Aetna Casualty do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and Aetna Casualty each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph."

award, the circuit court modified it to preclude stacking and awarded an additional $3,300 in interest computed from the date on which plaintiff's claim was first perfected.

Plaintiff's initial contention is that the declaratory judgment on the issue of "stacking" was erroneous. Our review of the pertinent case law compels us to agree.

An exclusion provision was held to be void where it made uninsured motorist coverage on one automobile unavailable to the insured for recovery from injuries sustained in a collision involving another automobile owned by the insured and covered by similar insurance from the same insurer. *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972). The Court concluded that the provision was an attempt to avoid the statutory obligation of providing uninsured motorist coverage. *Id.,* at 487; 201 NW2d at 798. It was further held to be unconscionable as enabling the insurer to collect premiums for coverage that was not in fact provided. *Id.,* at 487–488, quoting from *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464, 473–474; 201 NW2d 786 (1972).

*Boettner* differs factually from the instant case only in that *Boettner* involved two separate policies and two separate premiums. However, another panel of this Court concluded that the result in *Boettner* was not intended to be governed by the mere number of premiums paid or policies issued by the insurer. *Citizens Mutual Insurance Co v Turner,* 53 Mich App 616; 220 NW2d 203 (1974).

We concur with the *Turner* decision. Moreover, it is our conclusion that the premium discount given by Aetna does *not* change the result. Nothing in the record shows that the discount was

given as a quid pro quo for a limitation on uninsured motorist coverage. Thus, the limitation urged by Aetna cannot withstand the emphatic pronouncement of our Supreme Court in *Boettner.* Therefore, the uninsured motorist coverages may be combined to increase Aetna's liability to $40,000 for the injuries sustained by plaintiff's ward.

It is also argued by plaintiff that an award for exemplary damages should have been rendered against Aetna. In support of that position, plaintiff urges that Aetna acted in bad faith when it refused to pay the amount of its admitted liability. However, bad faith alone will not entitle an aggrieved party to recover exemplary damages from one who breaches a contract. Rather, the nature of the contract must be examined to ascertain whether it concerns "matters of mental concern and solicitude". *Stewart v Rudner,* 349 Mich 459, 471; 84 NW2d 816, 824 (1957).

Assuming *arguendo* that Aetna's breach was intentional, nevertheless, we conclude that the nature of the contract would not sustain an award of exemplary damages. The character of the contract is pecuniary only. Upon the occurrence of specified events, Aetna was to become liable for nothing more than the payment of money. While a breach by Aetna would cause plaintiff some degree of annoyance, that can be said to arise in almost every context in which a breach of contract occurs. As stated by the Court in *Rudner:*

"When we have a contract concerned not with trade and commerce but with life and death, not with profit but with elements of personality, not with pecuniary aggrandizement but with matters of mental concern and solicitude, then a breach of duty with respect to such contracts will inevitably and necessarily result in mental anguish, pain and suffering. In such cases the

parties may reasonably be said to have contracted with reference to the payment of damages therefor in event of breach. Far from being outside the contemplation of the parties they are an integral and inseparable part of it." *Id.,* at 471; 84 NW2d at 824.

The contract in the case under review does not possess the foregoing qualities that would entitle plaintiff to exemplary damages against Aetna.

Both plaintiff and Aetna claim that the award of interest is improper. Plaintiff contends that the 12 percent rate provided for in MCLA 500.2006; MSA 24.12006, should be given retroactive effect and be applied to this case. On the other hand, Aetna argues that interest should have been computed from the date of the arbitration award in lieu of the date on which plaintiff's claim was perfected. We reject both contentions.

The statute referred to by plaintiff is in the nature of a penalty to be assessed against insurers for dilatory practices in settling meritorious claims. That statute was enacted after this controversy arose. Such statutes, having a punitive purpose, are never given retroactive effect. *Shwab v Doyle,* 258 US 529; 42 S Ct 391; 66 L Ed 747 (1922). Further, a statute will not be applied retroactively unless such a legislative intent is clearly and unequivocally expressed. *Briggs v Campbell, Wyant & Cannon Foundry Co,* 379 Mich 160; 150 NW2d 752 (1967).

Similarly, Aetna's contention cannot be sustained. At the time liability was contested, the amount of plaintiff's loss was liquidated, known or easily ascertainable. The only question requiring resolution was whether Aetna was going to be liable for $20,000 or $40,000 of plaintiff's damages. Accordingly, plaintiff is entitled to interest on the amount of Aetna's liability from the date the

claim was perfected. *Reinshuttle v Aetna Life & Casualty Insurance Co Inc,* 72 Mich App 74; 248 NW2d 671 (1976). This matter is a subject for trial court determination.

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.