DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
WIDLING

Docket No. 55450. Submitted January 21, 1982, at Detroit.—Decided
    March 3, 1982. Leave to appeal applied for.

    Richard Widling was involved in an automobile accident while
    operating a vehicle owned by Sylvia Todd. Widling was sued by
    Todd. Todd's vehicle was uninsured. Widling was insured by
    the Detroit Automobile Inter-Insurance Exchange. In order for
    Widling to be covered under the liability section of his no-fault
    insurance policy, he must have been the operator of either an
    "owned" or "non-owned" automobile. DAIIE brought an action
    against Widling in Oakland Circuit Court, seeking to have the
    trial court declare the rights and liabilities of the parties
    relative to their insurance contract. DAIIE alleged that Wi-
    dling and Todd were continuous residents of the same house-
    hold and thus the vehicle was a "non-owned automobile" under
    the exclusion of coverage provision in the insurance policy. The
    court, William J. Beer, J., granted the plaintiff summary judg-
    ment. The defendant appeals. *Held:*

        The plaintiff cannot enforce the "non-owned automobile"
    exclusion provision of the policy and is liable for coverage
    under the policy. The trial court erred in granting summary
    judgment to the plaintiff.

        Reversed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — MATERIAL FACT
        — COURT RULES.

    A motion for summary judgment on the ground that there is no

REFERENCES FOR POINTS IN HEADNOTES
[1] 72 Am Jur 2d, Summary Judgment § 26.
[2] 7 Am Jur 2d, Automobile Insurance § 354.
    Who is "member" or "resident" of same "family" or "household,"
        within no-fault or uninsured motorist provisions of motor vehicle
        insurance policy. 96 ALR3d 804.
    Validity, construction, and applicaton of provision of automobile
        liability policy excluding from coverage injury or death of mem-
        ber of family or household of insured. 46 ALR3d 1024.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.

genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

2. INSURANCE — NO-FAULT INSURANCE — NON-OWNED AUTOMOBILES.

An insurer should be precluded from denying liability coverage to its insured on the basis that an accident involved the insured's use of a vehicle owned by or registered in the name of a relative residing in the same household or on the basis that the vehicle was furnished or available for the frequent or regular use of the named insured.

*Condit, McGarry & Schloff, P.C.,* for plaintiff.

*Perlman, Garber & Holtz, P.C.* (by *Martin W. Bordoley),* for defendant.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and R. L. TAHVONEN,* JJ.

V. J. BRENNAN, J. Defendant appeals as of right from an entry of summary judgment in plaintiff's favor.

Plaintiff insurer initiated this suit to declare its nonliability to defendant, an insured party under an automobile insurance policy. Plaintiff's complaint stated that the defendant was involved in an accident on September 9, 1975, while operating a vehicle owned by Sylvia Todd. Defendant was sued by Todd. Plaintiff alleged that Todd and defendant were continuous residents of the same household and that Todd's vehicle was uninsured at the time of the accident. In order for defendant to be covered under the liability section of his no-fault insurance policy, he must have been the operator of either an "owned" or "non-owned auto-

* Circuit judge, sitting on the Court of Appeals by assignment.

mobile". Under Section I of the insurance policy, Definitions, (i), "non-owned automobile" is defined as follows:

" 'non-owned automobile' means any automobile or trailer, other than a temporary substitute automobile, not owned by, furnished or available for the frequent or regular use of the named insured, relative or other resident of the same household of such named insured, however, an automobile or trailer rented or leased by the named insured or relative for a continuous period of 30 days or less shall not be deemed to be furnished or available for frequent or regular use;"

Because the defendant was not operating his own automobile or a "non-owned automobile" as defined by the policy, plaintiff maintained that the policy did not afford coverage for the September 9, 1975, accident.

In his answer, the defendant denied the material allegations of plaintiff's complaint. He moved for summary judgment, challenging the validity of the "non-owned automobile" exclusion. The trial court denied the defendant's motion. Instead, it found the provision enforceable and entered summary judgment pursuant to GCR 1963, 117.2(3), in plaintiff's favor.

Summary judgment pursuant to GCR 1963, 117.2(3), is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Szidik v Podsiadlo,* 109 Mich App 446; 311 NW2d 386 (1981).

Recently, in *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982), the Supreme Court found that an insurer could not enforce a "non-owned automobile" exclusion provision of an automobile insurance policy and

consequently the insurer was liable to the parties under the residual liability coverage of the policy. In that case, while driving her father's automobile, Gloria Carlson collided with a motorcycle driven by Dale Ruuska. Carlson and her father were residents of the same household and each owned vehicles insured by State Farm. Ruuska sued Carlson. State Farm did not contest insurance coverage under the policy of Carlson's father, but brought an action for declaratory judgment to determine its liability if the judgment exceeded the coverage under the father's policy. The circuit court held that the provision in Carlson's policy excluding liability coverage when she was the operator of a vehicle not owned by her but owned by a member of her household was void. Carlson's insurance policy contained a provision similar to the one in the instant case:

"Non-Owned Automobile—means an *automobile, trailer* or detachable living quarters unit, not (1) owned by, (2) registered in the name of, or (3) furnished or available for the frequent or regular use of the named insured, his spouse, or any relative of either *residing* in the same household other than a *temporary substitute automobile." State Farm v Ruuska, supra,* 332.

A majority of the Court of Appeals panel affirmed, finding that an exclusion to liability coverage when the insured is driving a particular vehicle is valid. However, the Court determined that the "non-owned automobile" exclusion was improperly designated as a definition, and the failure to incorporate the exclusion in the list of exclusions contained in the policy implied that there were no other exclusions to liability coverage except as provided in the list. Under the circumstances of the case, the Court refused to enforce

the policy as written, determining that Carlson's policy provided liability coverage.

Although four justices of the Supreme Court agreed with the Court of Appeals determination that the insurer was liable to the parties, the justices differed as to their rationale. Chief Justice COLEMAN, joined by Justices KAVANAGH and RYAN dissented.

In the lead opinion, Justice WILLIAMS, joined by Justices FITZGERALD and MOODY, found that the "non-owned automobile" provision was void:

"Michigan's no-fault act requires an insurer to provide its insured with residual liability coverage for certain losses caused by "the use of a motor vehicle". Therefore, we interpret the no-fault act to preclude an insurer from denying liability coverage to its insured on the basis that the accident involved the insured's use of a vehicle owned by or registered in the name of a relative residing in the same household or on the basis that the vehicle was furnished or available for the frequent or regular use of the named insured." *State Farm v Ruuska, supra,* 330.

Justice LEVIN concurred in the result of the lead opinion, that the insurer was liable to the insured, but did not concur with the rationale. He found:

"The no-fault act does not require residual liability insurance covering all vehicles a person may drive. Residual liability insurance is required for residual tort liability arising out of the ownership, maintenance or *use* of the vehicle in respect to which a policy is required to be maintained and in effect. An insurer is not required by the no-fault act to provide portable coverage when the owner drives another insured vehicle.

"The instant exclusion is, however, unenforceable, because it is unconscionable and contrary to the reasonable expectations of an insured, where the insured,

driving an automobile not owned or leased by him, has not been offered by the insurer (or his agent) and has declined to purchase a rider deleting or a specific exception from the exclusion or coverage for 'frequent' or 'regular' or other atypical use of non-owned automobiles." *State Farm v Ruuska, supra,* 342.

The dissenters agreed with Justice LEVIN that the no-fault act does not require residual liability insurance covering all vehicles a person may drive, but would reverse the Court of Appeals for the reasons that the policy was not ambiguous nor contrary to the no-fault act.

Since the provision in *Ruuska* and the provision in the present case are substantially the same, and the facts are not distinguishable, we find that the plaintiff cannot enforce the "non-owned automobile" exclusion provision of the policy and is liable for coverage under the policy. Thus, the trial court erred in granting summary judgment in favor of the plaintiff.

Reversed.