DOUCET, Judge.
Plaintiff, Jeraldean Williams, brought action against defendant, Louisiana Farm Bureau Mutual Insurance Company, seeking to stack bodily injury limits of automobile policies. The trial court rendered judgment in favor of defendant Farm Bureau and denied excess coverage to the plaintiff under any or all of the Farm Bureau policies. From this judgment the plaintiff appeals.
On or about November 12, 1980 a collision occurred between a 1979 Chevrolet pickup truck driven by Brian Rush but owned by his father, Bobby E. Rush, and another vehicle driven by Jeraldean Williams, the plaintiff. Williams filed suit naming several defendants. The liability of Brian Rush was admitted as to the damages Williams suffered as a result of the accident.
Williams subsequently settled with all parties except for Farm Bureau, defendant-appellee. Only a partial settlement was reached with Farm Bureau who admitted coverage under the particular policy issued to Bobby E. Rush and covering the 1979 Chevrolet pickup truck. Williams consequently received the maximum policy limits of $10,000..
Farm Bureau also insured Bobby E. Rush under three other separate liability policies, each of which respectively covered a 1977 Chevrolet, a 1980 Yamaha Motorcycle, and a 1979 Pontiac. Each of these policies maintained maximum bodily injury coverage of $10,000. Since the damages of the plaintiff were greater than the $10,000 *212 she received, she claimed that she should be allowed to “stack” the bodily injury limits of the three policies covering the three other cars and thus require Farm Bureau to pay her an additional $30,000. The trial court denied the excess coverage to the plaintiff under any or all of the Farm Bureau policies. From this judgment the plaintiff appeals.
The issue presented on appeal is whether the three policies covering the 1977 Chevrolet, the 1980 Yamaha Motorcycle and the 1979 Pontiac should provide excess coverage for the loss sustained by Williams in her collision with the 1979 Chevrolet pickup truck. The clause on which the plaintiff relies and which is found in each of the policies reads as follows:
“2, Other Insurance
Coverages A, B, D, and E. If the insured h.as other insurance against a loss covered by this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to “temporary substitute automobiles” or “use of other automobiles” shall be excess insurance over any other valid and collectible insurance. However, if the insured has more than one automobile insured in this company, then only one policy will become excess.”
This type of “other insurance” clause has not been interpreted to provide coverage but rather to pro rate among policies when there are multiple insurance policies already providing coverage. Dudley v. State Farm Mutual Automobile Ins. Co., 255 So.2d 462 (La.App. 1st Cir.1971). Coverage must, therefore, be established before the provision can apply.
In Cole v. State Farm Mutual Automobile Ins. Co., 427 So.2d 522 (La.App. 3rd Cir.1983), in view of the “other insurance” provisions in the policies, we did not find coverage in a situation in which parties asked to stack medical payments coverages of automobile policies covering two automobiles which were not involved in the accident giving rise to their injuries. In the same fashion, the policy covering the 1977 Chevrolet, or 1980 Yamaha Motorcycle, or the 1979 Pontiac should not provide coverage for the loss sustained in an accident in which the particular car was not involved.
Not only the “other insurance” clause but also the coverage provisions of the policies indicate that stacking is not appropriate in this situation. The coverage provisions refer to bodily injury “sustained by accident and arising out of the ownership, maintenance, or use of the automobile.” The “automobile” is defined as the motor vehicle described in the policy, a temporary substitute vehicle or a non-owned automobile. Since the 1979 Chevrolet pickup truck is not described in the policies, is not a “temporary substitute vehicle”, and is not a “non-owned automobile”, the policies issued for the 1977 Chevrolet, the 1980 Yamaha Motorcycle, and the 1979 Pontiac do not provide coverage for the losses sustained in an accident involving that vehicle. Since these three other policies are not applicable, Williams cannot “stack” their bodily injury limits.
For the above and foregoing reasons, the trial court’s decision is affirmed. Costs are assessed against plaintiff-appellant.
AFFIRMED.