DEYARMOND v COMMUNITY SERVICE INSURANCE COMPANY

Docket No. 68901. Submitted August 19, 1983, at Grand Rapids.—
Decided February 8, 1984. Leave to appeal applied for.

William and Steven Deyarmond are the sons of plaintiff, Ester
Deyarmond, and resided with her on September 12, 1980. On
that date, William was involved in an accident while driving a
1978 Ford Fairmont owned by his mother and insured by
Citizens Insurance Company of America. At that time, Steven
owned a 1980 Ford Mustang which was insured by defendant,
Community Service Insurance Company. Plaintiff was a named
insured on both policies. The liability of plaintiff and William
as a result of the accident may exceed the limits afforded by
the policy on the Fairmont, therefore, plaintiff brought this
declaratory judgment action in the Montcalm Circuit Court
seeking to have defendant declared liable for any excess liabil-
ity up to its policy limits. The trial court, Charles W. Simon, J.,
granted the plaintiff's motion for summary judgment, holding
that the policy may not be enforced as written and that the
defendant must provide residual coverage for the plaintiff on
the claim against her resulting from the accident. Defendant
appeals. *Held:*

1. Under the terms of the policy issued by the defendant,
plaintiff may not recover. Under such policy, plaintiff is a
"person insured" with respect to both "the owned automobile"
(the Mustang) and "a non-owned automobile". A "non-owned
automobile" is defined by the policy as "an automobile or
trailer not owned by or furnished for the regular use of either
the named insured or any relative, other than a temporary

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 236, 242.

When is automobile furnished or available for regular use within
"drive other car" coverage of automobile liability policy. 8
ALR4th 387.

Exclusion from "drive other cars" provision of automobile liability
insurance policy of other automobile owned, hired, or regularly
used by insured or member of his household. 86 ALR2d 937.

Construction and application of automatic insurance clause or
substitution provision of automobile liability or indemnity policy.
34 ALR2d 936.

substitute automobile". The Fairmont is not the "owned automobile" under the policy for the Mustang. The Fairmont also is not a "non-owned automobile" under the policy for the Mustang because plaintiff owns the Fairmont.

2. The facts of this case are easily distinguishable from those of *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321 (1982), relied upon as controlling by the trial court. Plaintiff could not have been misled to her detriment concerning her coverage in the same manner as the insured in *Ruuska* might have been.

3. Plaintiff cannot sensibly claim that her reasonable expectation was that "non-owned automobile" included another automobile owned by her. The Fairmont is not a non-owned automobile with respect to plaintiff whether the plain meaning or the policy definition of the term is used.

4. The reasonable perception of a person buying insurance which covers the operation of a non-owned automobile is that it will apply to automobiles which are not owned by that person.

5. Plaintiff's reasonable expectations would not be frustrated by enforcing the policy as written. As the named insured, plaintiff could have reasonably expected that a non-owned automobile was an automobile not owned by her. It would not have been reasonable for her to conclude that a non-owned automobile might include her own automobile because it was not owned by her relatives.

6. The trial court erred in deciding that the definition of a non-owned automobile in plaintiff's insurance policy may be disregarded.

Reversed and remanded.

Insurance — Automobiles — "Non-Owned Automobile".

An insurance policy's definition of a "non-owned automobile" as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile" may be found to be consistent with the plain meaning of the term, not unconscionable, or contrary to the reasonable expectations of the insured and therefore may be enforced as written where the insured cannot sensibly claim that his reasonable expectation was that "non-owned automobile" included another automobile owned by him, where the insured's reasonable expectations would not be frustrated by enforcing the policy as written and where the insured could not have been misled to his detriment concerning his coverage while using another automobile; the reasonable perception of a person buying insurance which covers the

> operation of a non-owned automobile is that it will apply to automobiles which are not owned by that person.

*Goggin & Baker* (by *William E. Goggin),* for plaintiff.

*Nelson & Kreuger* (by *Steven L. Kreuger),* for defendant.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,\* JJ.

PER CURIAM. Defendant insurer appeals as of right from a declaratory judgment holding that its liability insurance policy affords excess liability coverage to plaintiff on a third party's claim against her. The claim arose out of an automobile accident.

The facts are stipulated. William Deyarmond and Steven Deyarmond are the sons of plaintiff, Ester Deyarmond, and resided with her on September 12, 1980. On that date, William Deyarmond was involved in an automobile accident while driving a 1978 Ford Fairmont owned by his mother. Steven Deyarmond, at that time, owned a 1980 Ford Mustang. The Ford Fairmont was insured by Citizens Insurance Company of America. The Ford Mustang was insured by defendant Community Service Insurance Company. Plaintiff Ester Deyarmond was the "named insured" on both policies. The liability of plaintiff Ester Deyarmond and her son, William Deyarmond, may exceed the limits afforded by the policy on the Ford Fairmont. In this declaratory judgment action, plaintiff sought to have defendant declared liable for any excess liability up to its policy limits (*i.e.,* she sought to stack the coverage of the two policies).

\* Circuit judge, sitting on the Court of Appeals by assignment.

The trial judge granted plaintiff's motion for summary judgment, holding that the result was controlled by the decision of the Supreme Court in *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982).

In the policy issued to plaintiff, defendant promised to pay on behalf of the insured all sums which the insured became legally obligated to pay as damages because of bodily injury or property damage. The "insured" means a person or organization described under the "persons insured" clause. Plaintiff is a "person insured" with respect to both "the owned automobile" (the Ford Mustang) and "a non-owned automobile". A "non-owned automobile" is defined as "an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile". Plaintiff's alleged liability to a third party arose out of her ownership of the 1978 Ford Fairmont. The Fairmont is not "the owned automobile" under the policy for the Mustang. The Fairmont also is not a "non-owned automobile" under that policy, because plaintiff herself owns it. Under the terms of the policy, plaintiff may not recover. The trial judge held, however, that the policy may not be enforced as written.

The trial court held that its decision was controlled by that of the Supreme Court in *State Farm Mutual Automobile Ins Co v Ruuska, supra.* In *Ruuska,* the insurer sold automobile insurance policies on two cars owned separately by Arvid and Gloria Carlson, a father and daughter who resided in the same household. Gloria Carlson was involved in an accident while driving her father's car. Gloria Carlson, fearing that her liability would exceed the limits under her father's policy,

sought to have the two policies "stacked". The insurer admitted coverage under the policy on the father's car, but denied coverage under Gloria Carlson's own policy. The policy provided coverage for her while using a non-owned automobile only if the automobile was not owned by (or registered in the name of or furnished or available for the frequent use by) the named insured, his or her spouse, or any relative of either residing in the same household. Because her father resided in the same household, a car owned by him was not a non-owned automobile under her policy. The trial court had held that the definition of non-owned automobile contravened the no-fault act and was, therefore, void. This Court held that nothing in the no-fault act required an insured to have residual liability coverage when driving the automobile of another. This Court also concluded that a non-owned automobile exclusion of the type used was generally valid. The exclusion was held invalid, however, because the definition of "non-owned vehicle" in the policy was in conflict with its normal usage and was hidden among the provisions of the policy rather than highlighted in any way. One judge concurred in a separate opinion, but would have upheld the trial court's ruling that the exclusion was invalid under the no-fault act. *State Farm Mutual Automobile Ins Co v Ruuska,* 90 Mich App 767; 282 NW2d 472 (1979).

The Supreme Court affirmed the decision of this Court by a 4-3 vote. Three of the justices stated that the "non-owned automobile" definition violated the clear public policy advanced by the no-fault act. They held that such an exclusion was void. Justice LEVIN specifically disagreed, but held that the exclusionary definition was unconscionable and contrary to the reasonable expectations of

the insured in the case before the Court. Three other justices dissented, holding that the policy should be enforced as written.

In *Ruuska, supra,* three of the justices espoused a blanket prohibition on an exclusion from non-owned residual liability coverage for automobiles owned by a relative living in the same household. Four of the justices, however, explicitly rejected this approach. For this reason, plaintiff cannot prevail merely on the basis of the *Ruuska* decision, unless she would prevail under the factual test used by Justice Levin in casting the decisive vote.

We find the facts of this case to be easily distinguishable from those of *Ruuska.* More importantly, the distinguishing factors involve just those points which provided the logical foundation for the "reasonable expectations" analysis used by Justice Levin (and by the majority in this Court's decision in *Ruuska).*

In the present case, plaintiff is attempting to obtain liability coverage for damages which arose out of her ownership of the 1978 Ford Fairmont. She cannot sensibly claim that her reasonable expectation was that "non-owned automobile" included another automobile owned by her. The Ford Fairmont is not a non-owned automobile with respect to plaintiff whether the plain meaning or the policy definition of the term is used. Plaintiff could not have been misled to her detriment concerning her coverage while using another automobile in the same manner in which Gloria Carlson might have been misled. The reasonable perception of a person buying non-owned automobile insurance is that it will apply to automobiles which are not owned by that person. This principle supported a decision finding coverage in *Ruuska;* it supports a decision denying coverage in the present case.

On appeal, plaintiff has suggested that *Ruuska* applies to this case because William Deyarmond, as a relative of Steven Deyarmond, was an "insured" under defendant's policy on the Mustang and he (William) did not own the Ford Fairmont. William Deyarmond was "an insured" under the policy definition used in the insurance policy on his brother's Mustang. His liability definitely arose out of his use of a non-owned automobile, as that term is commonly understood (but not as that term is defined in the policy). According to this argument, Steven's reasonable expectations would be frustrated by applying the policy as written and, applying *Ruuska,* coverage must be provided.

We do not think that plaintiff's reasonable expectations would be frustrated by enforcing the policy as written in this case. As the named insured, plaintiff could have reasonably expected that a non-owned automobile was an automobile not owned by her. It would not have been reasonable for her to conclude that a non-owned automobile might include her own automobile because it was not owned by her relatives. To discover that her son William was an insured under the policy, plaintiff would have had to consult the same definitional section of the policy which she would have had to ignore to preserve the reasonable expectations sought to be protected by Justice LEVIN in *Ruuska, supra.* If plaintiff reasonably expected the policy on the Mustang to cover any member of her family, she could not reasonably have expected the non-owned automobile definition to be any less extensive.[1] We conclude that the trial judge erred

---

[1] Under this interpretation of the policy, households with more than one car would not be encouraged to procure no-fault insurance for each car owned. An example is instructive. Parents A and B reside with their children C, D, and E. Each owns a car. Parent A insures one car; the others are uninsured. The house rule is "never

by deciding that the definition of a non-owned automobile in plaintiff's insurance policy may be disregarded.

Reversed and remanded. No costs, a question of first impression.

---

drive your own car". You are always "an insured" under parent A's policy; you are always driving a non-owned car (as that term is commonly understood) under the same policy. To accept plaintiff's argument in this case would not encourage compliance with the financial responsibility laws. Even though each of the cars in plaintiff's household was insured in this case, plaintiff's argument would afford coverage whether this were true or not.