AUTO CLUB INSURANCE ASSOCIATION v LANYON

Docket No. 76580. Submitted December 5, 1984, at Detroit.—Decided
    April 16, 1985.

Brian Lanyon was injured in a collision with an automobile
    driven by Carole L. Gerstenberger, owned by Clayton T. Ger-
    stenberger, and insured by plaintiff, Auto Club Insurance Asso-
    ciation. Lanyon brought an action for damages against the
    Gerstenbergers and later added a separate claim on behalf of
    his daughter, Connie Lanyon, alleging loss of her father's
    society and companionship. The Gerstenberger vehicle was one
    of five insured under a single policy. The policy provided
    liability limits on each vehicle of $20,000 per person and
    $40,000 per occurrence. Plaintiff brought this action for declar-
    atory relief to determine the extent of its liability. The St. Clair
    Circuit Court, Ernest F. Oppliger, J., entered a judgment up-
    holding the anti-stacking provision of the insurance policy but
    recognizing a separate claim, with its own limit of liability, for
    Connie Lanyon's claim of loss of parental society and compan-
    ionship. Plaintiff appealed and Lanyon cross-appealed. *Held:*

    1. The anti-stacking provision is enforceable. Therefore, the
    liability coverage available is limited to that applicable only to
    the automobile involved in the accident. The trial court did not
    err in this regard.

    2. Connie Lanyon's loss of parental society and companion-
    ship is not a separate bodily injury sustained by her. Her claim
    is one that is derivative of her father's injury and may not be
    maintained as a separate claim in order to increase the insur-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance § 329.
    Combining or "stacking" uninsured motorist coverages provided in
        single policy applicable to different vehicles of individual insured.
        23 ALR4th 12.
[2] 44 Am Jur 2d, Insurance §§ 1551, 1552, 1558.
    59 Am Jur 2d, Parent and Child § 111.
    Entitlement of child, spouse, parent, or other person to survivor's
        loss benefit under no-fault insurance acts. 12 ALR4th 975.
    Child's right of action for loss of support, training, parental atten-
        tion, or the like, against a third person negligently injuring
        parent. 11 ALR4th 549.

ance policy's limitations. The trial court erred in holding otherwise.

Affirmed in part; reversed in part.

1. Insurance — Automobiles — Anti-Stacking Provisions.

An anti-stacking provision in an automobile liability insurance policy covering more than one automobile and effective after October 1, 1973, is enforceable.

2. Actions — Insurance — Loss of Society and Companionship — Limits of Liability.

A child may maintain a cause of action for loss of parental society and companionship when a parent is injured by the tortious acts of a third party; however, where a policy of liability insurance limits the amount that may be paid to one person in one occurrence including all claims for derivative damages allowable, a child may not bring a separate claim for loss of society and companionship of her father for the purpose of increasing the insurance policy's limit of liability.

*Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), for plaintiff.

*McIntosh, McColl, Allen, Carson, McNamee & Strickler* (by *Robert W. Carson*), for defendant Lanyon.

Before: Danhof, C.J., and T. M. Burns and R. H. Bell,* JJ.

Per Curiam. This appeal arises out of a declaratory action initiated by the Auto Club Insurance Association to determine the extent of its liability. Defendant Brian Lanyon was injured on May 11, 1982, when his motorcycle collided with an automobile driven by defendant Carole L. Gerstenberger, owned by her father, Clayton Gerstenberger, and insured by ACIA.

Brian Lanyon brought suit against Carole and Clayton Gerstenberger. Lanyon's complaint was later amended to add a separate claim brought on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

behalf of his daughter, Connie Lanyon, for the loss of her father's society and companionship.

At the time of the accident, Clayton Gerstenberger was the "master member" under a policy covering five automobiles. Clayton Gerstenberger owned two of these vehicles, his wife owned one, and his two sons each owned separate vehicles. The liability limits on each of these vehicles, including the vehicle which was involved in the accident, were $20,000 per person and $40,000 per occurrence. Lanyon sued for damages in an amount likely to exceed these policy limits. ACIA brought the instant suit for declaratory relief. The lower court entered a judgment which enforced an anti-stacking provision found in ACIA's policy but recognized a separate coverage limit for Connie Lanyon's claim of loss of parental society and companionship. ACIA and Lanyon now appeal and cross-appeal, respectively, to this Court as of right.

We first consider whether the circuit court erred in enforcing the anti-stacking provision found in ACIA's insurance policy. Lanyon contends that the lower court erred in not allowing him to stack the coverage on at least two, if not all five, of the automobiles covered under Gerstenberger's master policy. Lanyon primarily relies on *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439; 264 NW2d 19 (1978). We find that *Fletcher* is distinguishable, as noted by the Supreme Court on review of that case:

"*Bradley, Hickman, Ellis, Ruesing* and *Fletcher* arose before the amendments of the Motor Vehicle Accident Claims Act restricting the liability of the fund established under that act to persons not owning a motor vehicle for which security must be maintained under the no-fault act and to accidents occurring before January 2, 1976 and the repeal of the uninsured motorist amendment to the Insurance Code. *Davidson, Williams,*

and *Schigur* concern coverage issued and accidents occurring after restriction of the fund's liability and repeal of the amendment.

"We conclude that in policies effective on or after October 1, 1973, the date of repeal of the uninsured motorist amendment, 'other insurance' clauses which provide that damages shall be deemed not to exceed the policy limits and that the uninsured motorist coverage of the policy shall apply pro rata where there is other similar insurance available are enforceable and benefits under such policies may not be stacked." 409 Mich 1, 22-23; 294 NW2d 141 (1980) (footnotes omitted).

In the instant case, the insurance policy was effective after October 1, 1973, and contained a similar anti-stacking clause. According to *Bradley, supra, Fletcher* is distinguishable. *State Farm Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184 (1982), is also distinguishable. See *Miller v DAIIE,* 129 Mich App 382; 341 NW2d 155 (1983); *Deyarmond v Community Service Ins Co,* 132 Mich App 191; 347 NW2d 201 (1984), *lv to appeal held in abeyance,* in an unpublished order of the Supreme Court, July 30, 1984, pending the Supreme Court's decision in *DAIIE v Widling,* 114 Mich App 6; 318 NW2d 551 (1982), *lv granted* 417 Mich 1037 (1983). The lower court therefore did not err in prohibiting the stacking of liability limits under Gerstenberger's master policy.

We next consider whether the trial court erred in finding that Connie Lanyon was entitled to a separate limit of liability for her claim of loss of parental society and companionship. In *Berger v Weber,* 411 Mich 1; 303 NW2d 424 (1981), the Supreme Court recognized that a child can maintain a separate cause of action for loss of parental society and companionship when a parent is injured by the tortious acts of a third party. Lanyon contends that, since *Berger* recognizes that Con-

nie's claim is separate and independent, she is entitled to separate and independent limits under the insurance policy. The insurance policy states:

"The Limits of Liability shown on the Declaration Certificate apply as follows:

"The bodily injury Liability Limit for each person is the maximum amount that will be paid for bodily injury sustained by one person in any one occurrence. *This limit includes all claims for derivative damages allowed under the law."* (Emphasis added.)

We interpret this language to mean that the bodily injury sustained by one person in any one occurrence shall include all injuries and damages sustained by others as a consequence of that bodily injury. See *State Farm Mutual Automobile Ins Co v Ball,* 127 Cal App 3d 568; 179 Cal Rptr 644 (1981). Connie Lanyon's loss of parental society and companionship as a result of her father's bodily injury is not a separate bodily injury sustained by her as a result of the same occurrence. *Traveler's Indemnity Co v Cornelsen,* 272 Md 48; 321 A2d 149 (1974).

While *Cornelsen* and *Ball, supra,* dealt with claims for loss of spousal consortium, we find their reasoning equally applicable in the instant case. In *Berger, supra,* the Supreme Court indicated that claims for loss of parental society and companionship are very similar to claims for loss of spousal consortium. We therefore reverse the lower court's finding that Connie Lanyon's claim for loss of society and companionship entitled her to a separate claim for bodily injury thereby increasing the policy's limitations. We note that our holding does not in any way affect the validity of Connie Lanyon's derivative claim for loss of society and

companionship which should be determined in the underlying action between Lanyon and the Gerstenbergers.

Affirmed in part; reversed in part.