2002 OK 5

**Michael GORDON, individually and as father and next friend of Joshua Taylor Gordon, Plaintiff–Appellee,**

v.

**Jodi Lynn GORDON, Defendant–Appellant.**

**No. 94,678.**

Supreme Court of Oklahoma.

Jan. 22, 2002.

**39.** The provisions of 60 O.S.1991–54 state:

Rex K. Travis and Patricia Travis, Oklahoma City, for Plaintiff–Appellee.

Randy D. Witzke and Anastasia S. Pederson, Edmonds, Cole, Hargrave, Givens & Witzke, Oklahoma City, for Defendants–Appellants.

## OPINION

WATT, Vice Chief Justice.

¶1 On February 11, 1993, Defendant, Jodi Gordon was involved in a multi-car accident in which her son, Joshua, was injured. At the time of the accident Jodi Gordon was driving her Geo Metro, which was insured by Farmers Insurance Company. Jodi Gordon and her husband, Michael Gordon, were the insureds on the policy, as well as on an identical policy on a Volkswagen the Gordons owned. The limit of liability to each person under the Geo policy was $100,000 and $10,000 under the Volkswagen policy. Plaintiff, Michael Gordon, sued Jodi Gordon on behalf of his son, Joshua.

¶2 There were two issues before the trial court: (1) whether plaintiff was entitled to the entire $100,000 policy limit under the policy covering the Geo or whether he was limited to only $10,000 because of the provision in the policy excluding members of the insured's household from coverage; and (2) whether plaintiff was entitled to "stack" the $10,000 coverage provided by the Volkswagen policy to the amounts he recovered under the Geo policy. The trial court held in favor of plaintiff on both issues and held that the amount of insurance available under the Geo policy was $100,000 and that the $10,000 liability coverage under the Volkswagen policy was also available.[1]

¶3 The Court of Civil Appeals reversed the trial court. The Court of Civil Appeals held that under the teaching of *Nation* and

---

1. Although the "Household Exclusion" would, by its terms deprive plaintiff of any right to recovery at all, we decided in *Nation v. State Farm Ins. Co.*, 1994 OK 54, 880 P.2d 877, that Oklahoma's Compulsory Liability Insurance Act, 47 O.S.2001 §§ 7–600–7–607, Incl., requires the payment of the statutory minimum, $10,000, despite the policy's ostensible exclusion of family members from any coverage. We recently refined our jurisprudence on this issue in *Hartline v. Hartline*, 2001 OK 15, 39 P.3d 765 by holding that household exclusion clauses would be valid if, but only if, they expressly provided for the payment to an injured family member the statutorily mandated minimum (currently $10,000); but we held household exclusion clauses would be invalid if they purported to deny all coverage to a resident family member. We made our holding in *Hartline* prospective, however, "in order to afford insurers ample notice and opportunity" to appropriately amend their policy forms.

*Hartline,* the household exclusion in the Geo policy violated public policy to the extent it deprived plaintiff of the statutorily mandated $10,000 coverage but the household exclusion applied with respect to the balance of the coverage. The Court of Civil Appeals also reversed the trial court's judgment holding that *Nation* authorized plaintiff's recovery of the $10,000 liability limit under the Volkswagen policy in addition to his recovery under the Geo policy.

¶ 4 Plaintiff sought certiorari on the ground that the Court of Civil Appeals had erroneously held that *Nation* did not support Plaintiff's contention that he could stack the coverages in the Geo and Volkswagen policies. In her answer to plaintiff's petition for certiorari, defendant conceded that the Court of Civil Appeals had correctly limited plaintiff's recovery under the Geo policy to $10,000 in accordance with the teachings of *Nation* and *Hartline.* Thus, the only issue before us is whether plaintiff was entitled to stack the Geo and Volkswagen coverages.

¶ 5 Plaintiff urges us to hold that *Nation* supports his claim to a right to stack the liability coverages under the Geo and Volkswagen policies. In support of his argument, plaintiff points out that in *Nation* we allowed the recovery of the statutorily mandated minimum amount, $10,000, from each of the three policies there involved. Defendant resists plaintiffs argument, pointing out first, the right to stack was not an issue in *Nation;* second, in *Nation* only four justices unqualifiedly joined in the majority opinion; and finally, one of the three insurance policies at issue in *Nation* was owned by a third party.

¶ 6 Whether multiple liability coverages may be stacked under Oklahoma law presents a matter of first impression. For the reasons discussed below, we hold that *Nation* does not stand for the proposition that liability coverages in automobile liability insurance policies may be stacked.

## DISCUSSION

¶ 7 As noted above, we did not consider the issue of whether stacking of liability coverages is allowable under Oklahoma law in *Nation.* Further, there is no indication in either the majority opinion in *Nation,* nor in any of its several concurring and dissenting opinions, that there was anything in the policies there involved that would prohibit the stacking of coverages we allowed there. Here, however, both the Geo and the Volkswagen policies contain identical provisions, which we hold expressly prohibit stacking of liability coverages. Because of the significant differences between the facts and the nature of the analysis in *Nation* and the analysis that is required here, we limit *Nation* to its facts insofar as its holding that $10,000 from each of the three policies there involved should be paid to the plaintiff.

¶ 8 The "Exclusions" section of the Gordons' policies provides in material part as follows:

> We will pay no more than the maximum limits provided by this policy regardless of the number of vehicles insured, **insured persons,** claims. Claimants. Policies. or vehicles involved in the **occurrence.**

[Emphasis as in the original.] Such provisions are often called "limits of liability" clauses. The "Other insurance" section of the policies states:

> If any applicable insurance other than this policy is issued to you by us or any other member company of the Farmers Insurance Group of Companies. The total amount payable among all such policies shall not exceed the limits provided by the single policy with the highest limits of liability.

¶ 9 The courts that have construed provisions prohibiting stacking of liability coverages, such as those in the policies at issue here, have overwhelmingly held that such provisions "are not unconscionable and may properly be enforced." Further, the result is not changed where multiple vehicles are covered in a single policy. 12 Couch on Ins. (3d Ed.) § 169:109. Opinions from the United States Courts of Appeals for the Fourth and Fifth circuits, as well as opinions from at least nineteen state appellate courts, which will be discussed below, all have refused to allow liability coverages to be stacked.

¶ 10 The Supreme Court of North Dakota succinctly and accurately summarized the

state of the law in *Houser v. Gilbert,* 389 N.W.2d 626, 629 (N.D.1986). Quoting with approval from *Oarr v. Government Employees Insurance Company,* 39 Md.App. 122, 383 A.2d 1112, 1117 (1978), the North Dakota court said:

> When considering liability coverage "the courts, with near uniformity, have held the first party coverage cases [on medical payment and uninsured motorist coverages] to be inapplicable and have found the policy to be unambiguous and to preclude 'stacking.' "

[Bracketed material as in the original.]

¶ 11 As may be inferred from the quote from the North Dakota Supreme Court's *Houser* opinion, whether medical payment coverages may be stacked has been considerably more controversial than whether liability coverages may be stacked. Nevertheless, this Court refused to allow the stacking of medical payment coverages in *Frank v. Allstate Insurance Company,* 1986 OK 42, 727 P.2d 577 because a "limit of liability" provision in the policy there at issue, similar to those in the Gordons' policies here, limited the amount recoverable to the amount stated in the policy, regardless of the number of insured automobiles. In *Frank,* we enforced the policy provision as written for two reasons. First, "the policy terms in question *clearly* and *unambiguously* preclude the stacking of medical payment coverage." [Emphasis as in the original.] *Frank,* 1986 OK 42 at ¶ 5, 727 P.2d 577. Second,

> There exist no statutory or other public-policy requirements which would provide a basis for either invalidating or modifying the medical payment provisions of the insurance policy here in contest. The matter must simply rest on contract between the insurer and its insured.

[Emphasis as in the original.] *Frank,* 1986 OK 42 at ¶ 6, 727 P.2d 577.

**2.** Note that in *Frank* we rejected the argument that stacking should be allowed because separate premiums had been paid because each "premium was for an *additional and separate* risk of loss which did not occur." [Emphasis as in the original.] *Frank,* 1986 OK 42 at ¶ 5, 727 P.2d 577.

**3.** See, for example, *Emick v. Dairyland Insurance Company,* 519 F.2d 1317 (4th Cir.1975); *Greer v. Associated Indemnity Corp.,* 371 F.2d 29 (5th

¶ 12 As noted by both the *Frank* majority and its several dissenting opinions, there are serious public policy arguments to be made in favor of refusing to enforce "other insurance" clauses where medical pay coverages are concerned. Other courts have so held. Those courts that have held medical pay coverages may be stacked have observed that such coverages are first party coverages, for the direct benefit of the insured, as are uninsured motorists coverages. Nevertheless, this Court rejected those arguments and concluded that clear and unambiguous policy language should be enforced, even in the area of medical payment coverages. Here, we hold, as have virtually all courts that have considered the issue, that there is no public policy basis for refusing to enforce clear and unambiguous terms of automobile liability insurance policies that serve to prohibit stacking of liability coverages. Liability coverages are for the ultimate benefit of third parties, so the arguments that have been made, often successfully, in uninsured motorist cases and, in other states, in medical pay cases simply do not apply in cases involving liability coverage. Thus, plaintiff is not entitled to have the liability coverages of the Gordons' Geo and Volkswagen policies stacked.

¶ 13 A variety of theories supporting the proposition that liability coverages should be stacked has been advanced in the many opinions from around the country that have addressed the issue. Among those arguments were that the anti-stacking provisions violated public policy, that stacking should be allowed because a separate premium was paid for each car,[2] or because the coverages were provided by separate policies instead of one policy covering several vehicles. These arguments have been uniformly rejected by the courts that have considered them.[3]

Cir.1967); *Noll v. Shelter Insurance Companies,* 774 S.W.2d 147 (Mo.1989); *Bishop v. Washington,* 331 Pa.Super. 387, 480 A.2d 1088 (1984); *Agnew v. American Family Mutual Insurance Company,* 150 Wis.2d 341, 441 N.W.2d 222 (1989); *Ruppe v. Auto–Owners Insurance Company,* 329 S.C. 402, 496 S.E.2d 631 (1998); *Hilden v. Iowa National Mutual Insurance Company,* 365 N.W.2d 765 (Minn.1985); *Rando v. California State Automobile Association,* 100 Nev. 310,

## CONCLUSION

¶ 14 *Nation* does not support plaintiff's claim that the liability coverages here involved should be stacked. That issue was not addressed by the Court in *Nation.* Further, we considered a "limit of liability" provision in *Frank* that was similar to the policy language at issue here and held that stacking of medical pay coverages was prohibited by that language. Finally, the courts from other jurisdictions that have addressed the propriety of giving effect to "limit of liability" and "other insurance" clauses to prohibit stacking have overwhelmingly held such clauses are valid and that stacking will not be allowed. We hold, therefore, that plaintiff cannot stack the liability coverage in the Gordon's Volkswagen policy to the coverage in the Geo policy. The trial court's judgment is reversed and the matter is remanded with instructions to conduct further proceedings in accordance with this opinion.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS' OPINION VACATED, AND MATTER REVERSED AND REMANDED WITH INSTRUCTIONS.

LAVENDER, OPALA, KAUGER, SUMMERS, BOUDREAU, and WINCHESTER, JJ., concur.

HODGES, J., concurs in part, dissents in part.

HARGRAVE, C.J., disqualifies.

684 P.2d 501 (1984); *Butler v. Robinette,* 614 S.W.2d 944 (Ky.1981); *Houser v. Gilbert,* 389 N.W.2d 626, 629 (N.D.1986); *Payne v. Weston,* 195 W.Va. 502, 466 S.E.2d 161 (1995); *Allstate Insurance Company v. Zellars,* 462 S.W.2d 550 (Tex.1970); *Pacific Indemnity Company v. Thompson,* 56 Wash.2d 715, 355 P.2d 12 (1960); *Maine v. Hyde,* 350 So.2d 1161 (Fla.App.1977); *American Standard Insurance Company of Wisconsin v. Ekeroth,* 791 P.2d 1220 (Colo.App.

1990); *Auto Club Insurance Association v. Lanyon,* 142 Mich.App. 108, 369 N.W.2d 269 (1985); *Georgia Farm Bureau Mutual Insurance Company v. Shook,* 215 Ga.App. 66, 449 S.E.2d 658 (1994); *Williams v. Louisiana Farm Bureau Mutual Insurance Company,* 445 So.2d 211 (La. App.1984); *Basso v. Allstate Insurance Company,* 19 Ariz.App. 58, 504 P.2d 1281 (1973); *Oarr v. Government Employees Insurance Co.,* 39 Md. App. 122, 383 A.2d 1112 (1978).