**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TRUSTEES OF THE SOUTHERN
CALIFORNIA BAKERY DRIVERS
SECURITY FUND; DIRK GEERSEN,
         *Plaintiffs-Appellants,*

v.

RICK MIDDLETON; BOB DOSS; RONN
ENGLISH; PERRI NEWELL; SOUTH
BAY TEAMSTERS AND EMPLOYERS
HEALTH AND WELFARE AND
RELATED BENEFITS TRUST FUND,
         *Defendants-Appellees.*

No. 04-56982

D.C. No.
CV-03-05550-ER

TRUSTEES OF THE SOUTHERN
CALIFORNIA BAKERY DRIVERS
SECURITY FUND; DIRK GEERSEN,
         *Plaintiffs-Appellants,*

v.

RICK MIDDLETON; BOB DOSS; RONN
ENGLISH; PERRI NEWELL; SOUTH
BAY TEAMSTERS AND EMPLOYERS
HEALTH AND WELFARE AND
RELATED BENEFITS TRUST FUND,
         *Defendants-Appellees.*

No. 05-55192

D.C. No.
CV-03-05550-ER

OPINION

Appeal from the United States District Court
for the Central District of California
Edward Rafeedie, District Judge, Presiding

Argued and Submitted
November 14, 2006—Pasadena, California

791

Filed January 18, 2007

Before: Stephen Reinhardt and Jay S. Bybee, Circuit Judges, and Larry A. Burns,* District Judge.

Opinion by Judge Bybee

---

*The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

**COUNSEL**

J. David Sackman, Reich, Adell, Crost & Cvitan, Los Angeles, California, for the plaintiffs-appellants.

Michael A. Vanic, Reish Luftman Reicher & Cohen, Los Angeles, California, for the defendants-appellees.

---

**OPINION**

BYBEE, Circuit Judge:

Plaintiffs-Appellants, Trustees of the Southern California Bakery Drivers Security Fund and Dirk Geersen ("Bakery Drivers"), appeal the district court's summary judgment in favor of Defendants-Appellees, Rick Middleton and South Bay Teamsters and Employers Health and Welfare and Related Benefits Trust Fund ("South Bay Teamsters") on claims of breach of fiduciary duty under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and breach of collective bargaining agreements under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 301 *et seq.*, and the district court's award of attorneys' fees to South Bay Teamsters.

I

This case involves a dispute between the trustees of two employee benefit plans over an agreement in which one plan was to provide certain benefits to plan participants of the other plan. On August 1, 1987, Bakery Drivers contracted with South Bay Teamsters for certain death, accidental death, and dismemberment benefits. In a Trust-to-Trust agreement, Bakery Drivers contracted to pay $5.50 per month for each active fund participant to South Bay Teamsters in exchange for death and related benefits amounting to $10,000 in the

event of death and $5,000 or $10,000 in the event of qualifying dismemberment.[1] After a series of Trust-to-Trust agreements continuing the relationship, the parties terminated their agreement as of May 31, 2001. Bakery Drivers allege that over the course of the contract, plan participants paid a total of $2,753,642.00 to South Bay Teamsters, while the total amount of claims paid to plan participants was $770,768.19 and administrative expenses totaled $220,304.92.

On January 10, 2002, Bakery Drivers sent South Bay Teamsters a letter requesting the surplus funds paid by plan participants—namely, the $1,762,568.89 difference between the amounts paid-in less benefits received and administrative expenses. South Bay Teamsters refused the request on May 31, 2002. Bakery Drivers filed a complaint in district court alleging that South Bay Teamsters had breached the fiduciary duties owed under ERISA by failing to use surplus funds for the exclusive benefit of plan participants. *See* 29 U.S.C. § 1104(a)(1)(A). It also alleged that South Bay Teamsters had breached the collective bargaining agreements by failing to use the contributions for the purposes enumerated in the collective bargaining agreements in violation of the LMRA. *See* 29 U.S.C. §§ 186(c)(5), 1103(c)(1).[2]

The district court granted summary judgment for South Bay Teamsters on Bakery Drivers' claims. As to the breach of the ERISA fiduciary duty claim, the court found that South Bay Teamsters qualified under ERISA's insurer exemption. The

---

[1] Prior to August 1, 1987, death benefits payable to Bakery Drivers' plan participants were obtained through the purchase of a group insurance policy with an insurance carrier.

[2] Bakery Drivers' original complaint included an additional claim that South Bay Teamsters violated the "exclusive benefit rule" of 29 U.S.C. § 1104(a)(1)(A), for failing to use surplus funds for the exclusive benefit of the intended beneficiaries. The district court granted summary judgment for South Bay Teamsters on this claim because Bakery Drivers could not establish standing as co-fiduciaries or participants. Bakery Drivers' subsequent complaint omitted this claim, but reserved the right to appeal.

district court explained that while "ERISA generally imposes a fiduciary duty on managers of 'plan assets[,]' " it "contains an exception for a 'guaranteed benefit policy.' " Such policies, the district court explained, "provid[e] for benefits the amount of which is guaranteed by the insurer." The court concluded that the plan at issue was a guarantee benefit policy. The court rejected Bakery Drivers' argument that South Bay Teamsters did not qualify as an "insurer." According to the district court, "[t]he argument that [South Bay Teamsters is] not an insurance company . . . is covered by the broad definition that is contained in the law." The district court found that —in this case—South Bay Teamsters *acted* like an "insurer." Moreover, the district court reasoned that the parties did not explicitly provide that paid-in premiums not used to pay benefits should be refunded to plan participants and the parties' agreement could not be read to require such a refund. The district court did not explain its reasoning for granting summary judgment as to Bakery Drivers' second claim.

The district court also granted South Bay Teamsters' motion for attorneys' fees. The district court discussed the five factors for considering whether fees should be awarded under ERISA. *See* 29 U.S.C.A. § 1132(g); *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980). The court found that two of the five *Hummell* factors "weigh[ed] strongly in favor of awarding fees"—first, Bakery Drivers acted in bad faith by pursuing unsupported assertions, adopting inconsistent positions, rescinding its earlier acknowledgment that the arrangement resembled a standard insurance purchase, and misrepresenting material facts and, second, the relative merits favored South Bay Teamsters because Bakery Drivers pursued a meritless position. Also in its analysis, the district court explained that it had granted summary judgments on Appellant's breach of collective bargaining agreements claim because "[t]he Trust-to-Trust agreements simply do not contain any provision incorporating [Bakery Drivers' collective bargaining agreements]." This appeal followed.

II

We review a district court's grant of summary judgment de novo. *See Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006). Because we conclude that South Bay Teamsters does not qualify as an ERISA exempt "insurer" under 29 U.S.C. § 1101(b)(2) and that South Bay Teamsters breached its ERISA fiduciary duty to the participants in the Bakery Drivers Security Fund, we reverse the district court's order granting summary judgment on Bakery Drivers' breach of the ERISA fiduciary duty claim.

**[1]** Under ERISA, a person is a fiduciary with respect to an ERISA-qualified plan to the extent he "exercises any authority or control respecting management or disposition of its assets." *See* 29 § U.S.C. 1002(21)(A). ERISA, however, provides for a limitation on the fiduciary duty of insurers issuing certain kinds of policies or contracts: "[T]he assets [of a plan to which a guaranteed benefit policy is issued by an insurer] shall be deemed to include such policy" but do not "include any assets of such insurer." 29 U.S.C. § 1101(b)(2). ERISA defines "guaranteed benefit policy" as benefits in an "amount . . . guaranteed by [an] insurer." 29 U.S.C. § 1101(b)(2)(B). It defines an "insurer" as "an insurance company, insurance service, or insurance organization, qualified to do business in a State." 29 U.S.C. § 1101(b)(2)(A). In other words, an "insurer" who has issued a "guaranteed benefit policy" is a fiduciary with respect to an ERISA plan, but only to the extent of the funds pledged under the insurance policy or contract. *See* 29 U.S.C. § 1101(b)(2); *see also John Hancock Mut. Life Ins. Co. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 96 (1993).

South Bay Teamsters contends that because it offered a guaranteed death benefit to members of the Bakery Drivers Security Fund, it is liable to Bakery Drivers for the death benefits alone, and not for any monies paid into the South Bay Teamsters Trust Fund. South Bay Teamsters asserts that its fiduciary duty is independent of the money paid in by South

Bay Teamsters. According to South Bay Teamsters, it assumed the risk that the monthly premiums would not cover the death benefits it was obligated to pay out over the course of the contract between the two funds. South Bay Teamsters asserts that it, in turn, has no fiduciary responsibility to Bakery Drivers for the monthly premiums it collected in excess of the death benefits it paid and the administrative expenses it incurred. For its part, Bakery Drivers claims that South Bay Teamsters accepted no risk and that South Bay Teamsters received all monies as a fiduciary for the participants in the Bakery Drivers Security Fund.

**[2]** Despite the fact that South Bay Teamsters plainly provided insurance-like benefits, and likely accepted the risks it describes, it does not qualify under ERISA's insurer exemption. South Bay Teamsters is not an "insurer" because it is not "an insurance company, insurance service, or insurance organization, qualified to do business in a State." 29 U.S.C. § 1101(b)(2). Indeed, South Bay Teamsters does not purport to constitute such an organization, and nothing in the record indicates that it is "qualified to do business in a State."

**[3]** Although the district court reasoned that South Bay Teamsters' provision of death and disability benefits in an insurance-like scheme meant that it *acted* like an "insurer" based on the benefits it offered, we reject such a broad reading of the insurer exemption. The Supreme Court has stressed strict adherence to ERISA's text in interpreting its provisions, explaining its inclination toward a "tight reading of exemptions from comprehensive schemes of this kind." *John Hancock*, 510 U.S. at 97. In particular, the Court has admonished that "Congress has specifically instructed, by the words of limitation it used, that we closely contain the guaranteed benefit policy exclusion." *Id.* Moreover, the policy behind the exemption reflects ERISA's historic deference to state insurance law.[3] It leaves the regulation of an insurer's assets—and

---

[3]The McCarran-Ferguson Act requires that the business of insurance be subject to state regulation and generally mandates that "[n]o Act of Con-

assurance of the insurer's solvency and ability to deliver benefits—to the states. *See Cate v. Blue Cross & Blue Shield of Ala.*, 434 F. Supp. 1187, 1190 (N.D. Tenn. 1977). The exemption applies to companies otherwise subject to state insurance law, and consequently, it does not apply to companies outside the insurance industry. ERISA's insurer exemption simply is not written—or envisioned—to cover companies that offer insurance-like plans but who are not "insurer[s]" as strictly defined. As a result, we reject the district court's conclusion that South Bay Teamsters qualifies under the insurer exemption.

**[4]** Instead, we conclude that South Bay Teamsters was an ERISA fiduciary of the plan assets of Bakery Drivers, and that it breached its fiduciary duties with respect to those assets. South Bay Teamsters exercised "control respecting management or disposition of [the Bakery Drivers Security Fund] assets," 29 U.S.C. § 1002(21)(A), by receiving payment or assets from Bakery Drivers that were contributed on behalf of plan participants and then placing those assets into its fund over which it had authority, *inter alia*, to write checks. *See IT Corp. v. Gen. Am. Life Ins. Co.*, 107 F.3d 1415, 1421 (9th Cir. 1997) ("The right to write checks on plan funds is authority or control respecting management or disposition of its assets." (internal quotation marks omitted)). Moreover, where, as here, the exclusion in § 1101(b)(2) is inapplicable, all assets paid-in are treated as "plan assets" and an entity that takes "actions in regard to their management and disposition

---

gress shall be construed to invalidate . . . any law enacted by any State for the purpose of regulating the business of insurance . . . ." 15 U.S.C. § 1012(b). Although ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," 29 U.S.C. § 1144(a), to avoid conflict with the McCarran-Ferguson Act, a savings clause provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities," 29 U.S.C. § 1144(b)(2)(A). *See also Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 364 (2002).

must be judged against ERISA's fiduciary standards." *John Hancock*, 510 U.S. at 106; *see also* 29 C.F.R. § 2510.3-101(a), (j)(12). Finally, the agreements providing that "a plan of death benefits is hereby established for [Bakery Drivers] Security Fund participants" also created an ERISA plan, whose summary plan descriptions characterized both Bakery Drivers and South Bay Teamsters as "Trustees of the Plan." *See* 29 U.S.C. § 1102(a)(1). Nothing in the agreements or the summary plan descriptions suggests that South Bay Teamsters were authorized to use the plan assets for anything other than "to fund the payment of death benefits to [Bakery Drivers] Security Fund participants . . . ."

[5] Given that South Bay Teamsters had a fiduciary duty over plan assets, we conclude that it breached its duties under ERISA by failing to apply the surplus funds for the benefit of Bakery Drivers Security Fund participants. *See* 29 U.S.C. § 1104(a)(1) (stating that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries"). We hold that South Bay Teamsters is liable to Bakery Drivers for breaching its fiduciary duties under ERISA. Counsel for the participants has suggested that certain remedies other than the return of the surplus funds may be appropriate. Accordingly, we remand to the district court so that it may determine the appropriate remedy.

III

[6] We affirm the grant of summary judgment as to Bakery Drivers' breach of the collective bargaining agreements claim. The LMRA provides that breaches of collective bargaining agreements are actionable in federal court. *See* 29 U.S.C. § 185(a). However, as the district court found, the parties' Trust-to-Trust agreements did not contain any provision incorporating Bakery Drivers' collective bargaining agreements. South Bay Teamsters was not bound by Bakery Drivers' collective bargaining agreements merely because it agreed to provide benefits to Bakery Drivers' plan partici-

pants, and consequently, South Bay Teamsters has no duty under those agreements.

## IV

**[7]** Lastly, we reverse the district court's award of attorneys' fees to South Bay Teamsters pursuant to 29 U.S.C. § 1132(g)(1). We review such awards for abuse of discretion. *See Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1235-36 (9th Cir. 2000). To overturn an award of attorneys' fees, "we must have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 407-08 (9th Cir. 1997) (quoting *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996)). Here, the district court found that Bakery Drivers acted in bad faith and in pursuit of a meritless position and awarded attorneys' fees on that basis. In light of our reversal of summary judgment as to the ERISA fiduciary duty claim, we find that the district court's determination was clearly erroneous.

## V

For the foregoing reasons, we reverse the district court's decision granting summary judgment as to the ERISA fiduciary claim, affirm summary judgment as to the breach of collective bargaining agreements claim, reverse the award of attorneys' fees to South Bay Teamsters, and remand to the district court for further proceedings not inconsistent with this opinion.

**AFFIRMED in part; REVERSED in part; REMANDED**